Link, Plaintiff in error, vs. The State, Defendant in error.

*February 8—March 5, 1935.*

For the plaintiff in error there was a brief by *Roland J. Steinle,* attorney, and *Anderson, Donovan & Steinle* of counsel, all of Milwaukee, and oral argument by *Mr. Steinle.*

For the defendant in error there was a brief by the *Attorney General* and *William A. Zabel,* district attorney of Milwaukee county, and *William J. McCauley,* assistant district attorney, of counsel, and oral argument by *Mr. McCauley.*

MARTIN, J.   The defendant contends that the state failed to make out a case under the statute in question, and therefore the action should have been dismissed and the defendant discharged.   The defendant was convicted and sentenced pursuant to sec. 343.181, Stats. 1933, which reads as follows:

"Any person operating an automobile, motor cycle or other similar motor vehicle, who shall injure any person therewith and fail to stop and give assistance, his name and address, and the name and address of the owner of the automobile, motor cycle or other similar motor vehicle so operated, to the person so injured, or to some person accompanying the injured at the time of the injury, or to the sheriff of the county in which the accident occurred or to one of his deputies, or to any constable or police officer of such county, shall be guilty of a felony, punishable by a fine of not more than one thousand dollars, or by imprisonment for a period of not less than three months, nor more than two years."

It will be noted that the statute requires the driver of the vehicle causing the injury to do the following: (1) He must stop; (2) he must give assistance; (3) he must give his name and address to the injured party or to some person accompanying the injured party at the time of the injury, or to the sheriff of the county or to one of his deputies, or to any constable or police officer of the county; (4) he must give the name and address of the owner of the vehicle to the

injured party or to some person accompanying him, or to the sheriff or one of his deputies, or to any constable or police officer of the county.

The sole ground relied upon for a reversal of the judgment is that the evidence was not sufficient to support the verdict. If there is any credible evidence which in any reasonable view supports the verdict, it cannot be disturbed upon appeal. *Van Haltren v. State,* 142 Wis. 143, 144, 124 N. W. 1039. The evidence shows that on December 10, 1934, defendant while driving his father's automobile on North Eleventh street, in the city and county of Milwaukee, struck and injured one John Pauhl. The boy injured was crossing said street from west to east, and about thirty-five feet north of the crosswalk.

After striking the boy, defendant drove to the east curb, parked his car, and went back to where the boy was lying. He picked the boy up and gave him to an unknown cab driver. The latter put the boy in the automobile of one Iver Sersted. Mr. Sersted made inquiry as to who hit the boy, and defendant admitted he did. Defendant was asked by Mr. Sersted to take the boy in his car, to which inquiry defendant replied, "No, you take him and I'll follow you." Mr. Sersted took the boy in his car to the emergency hospital. The defendant did not give his name and address to Mr. Sersted, nor did he give his name and address to any one at the scene of the accident. He did not follow the Sersted car to the hospital; instead he went home.

The accident occurred between 5:30 and 5:45 p. m., and defendant admits he arrived home at about 6 p. m. He did not mention the occurrence to any member of his family when he arrived home, and he made no effort to report the accident to the sheriff or to any deputy sheriff or to any constable or police officer of Milwaukee county. It appears that some person at the scene of the accident had taken the defendant's car number, which number was given to the police department, and a police officer called at the defend-

ant's home at 8 o'clock that same night. Defendant told the police officer at his home that he had had an accident and had intended to report it. The accident happened within a few blocks from a police station. It further appears that defendant was twenty-three years of age, and had lived in Milwaukee county about twenty years.

While it is true that defendant complied in part with the requirements of the statute, it is admitted by defendant that he did not give his name or address or the name and address of the owner of the car he was driving to the injured person, nor did he make report of the accident to any of the officials, as required by the statute. The legislative intent in the enactment of the statute in question is obvious. It requires immediate assistance on the part of the driver of the vehicle causing the injury to the person injured, to the end that the person so injured may have medical or other attention with the least possible delay. The reason for requiring that the operator of the vehicle shall give his name and address and the name and address of the owner of the vehicle to the person injured or to some person accompanying the injured or to the sheriff of the county or some of the other officers mentioned in the statute is likewise very clear. It furnishes a lead for investigation to the end that responsibility for the accident may be placed. It is a wholesome, humane statute.

A careful examination of the testimony convinces us that there is sufficient evidence in the record to support the verdict, having in mind the rule that if there is any credible evidence which in any reasonable view supports a verdict, it cannot be disturbed on appeal.

Defendant contends the court erred in permitting the introduction of the testimony of Police Officer Deuster, relative to a confession of the defendant, without his having been advised of his constitutional rights. This alleged confession relates to the defendant admitting to said police officer at the defendant's home that he had the accident and

had intended to report same. Defendant's statements were freely and voluntarily made without any persuasion, or any promise, or influence of hope or fear. As far as disclosed by the record, the evidence as to those statements was admissible, even though the defendant had not been informed by the officer as to his constitutional rights. *State v. Whatley*, 210 Wis. 157, 168, 245 N. W. 93.

*By the Court.*—Judgment affirmed.

The following opinion was filed June 24, 1935 :

WICKHEM, J. (*dissenting*). As I read the record, the conviction was predicated upon the view of the trial court that in the situation presented defendant was required, by the provisions of sec. 343.181, Stats., to notify the police "forthwith." I think this an erroneous construction of the statute. The section designates no time within which such notification must be given, and upon familiar rules of construction should be held to require compliance within a reasonable time. The fact that there was no notification within two hours after the accident will not, as a matter of law, support the conclusion that more than a reasonable time elapsed. Since the case was tried upon a wholly different theory of liability, no purpose will be served by laboring this point.

The only other ground upon which the conviction can be urged to be sustainable would be that the evidence leads to the inference that defendant did not intend to report at all. This was not the ground upon which the trial court relied, nor do I think the evidence would sustain such an inference. This is not an ordinary hit-and-run case. Defendant stopped his car, gave assistance, and only failed to go to the hospital because the car containing the victim drove off while he was locking his own car. The victim was not in condition to receive the information which defendant was required by statute to furnish either him or the police. He was not

accompanied by anybody, in the statutory sense, and hence there was no occasion to give this information to the by-standers. The fact that defendant stopped and left his car in plain view of every one who had seen the accident, and that he actually was traced by information furnished to the police by some one who had taken his number, seems to me hardly consistent with the conclusion that defendant enter-tained the intent to conceal his identity. Certainly if this intent was present at all, it was entertained for the first time after defendant discovered that the car containing the vic-tim had left for the hospital. A purpose conceived at this time to avoid his statutory duty must be inferred solely from lapse of time and the fact that there were police stations to which he could conveniently have made his report at an earlier time. Unless the delay in reporting be held to be unreasonable, the opportunity to report becomes immaterial and the delay cannot support an inference of intention not to report. If the delay was unreasonable, such an intent adds nothing to defendant's criminal liability, although it might, for purposes of sentence, somewhat increase his culpa-bility.

I am of the opinion that defendant is entitled to a new trial.

I am authorized to state that Mr. Justice NELSON concurs in this dissent.