STATE of Wisconsin, Plaintiff-Appellant,†

v.

John C. MANN, Defendant-Respondent.

Court of Appeals

*No. 84–044–CR. Submitted on briefs August 17, 1984.—Decided September 19, 1984.*
(Also reported in 357 N.W.2d 9.)

—————
† Petition to review granted.

For the appellant, the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

For the respondent, the cause was submitted on the brief of *Glenn L. Cushing,* assistant state public defender.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   In *Franks v. Delaware,* 438 U.S. 154 (1978), the United States Supreme Court empowered trial courts to dismiss complaints resulting from false material which was intentionally or recklessly included in an earlier search warrant. *State v. Hoffman,* 106 Wis. 2d 185, 201–02, 316 N.W.2d 143, 153–54 (Ct. App. 1982), applied *Franks* to false statements made in the factual portion of a criminal complaint.  The trial court in this case dismissed the complaint after finding that the state recklessly omitted credibly established facts which would have negated all criminal liability.  We agree and affirm.

John C. Mann was involved in a two-car collision on February 15, 1983 resulting in the death of the other driver.  An amended criminal complaint charged him with failing to remain at the scene of the accident for a time sufficient to fulfill his duties pursuant to sec. 346.67(1) (a), (b) and (c), Stats.[1]  It alleged that one Frank J.

---

[1] Section 346.67(1)(a), (b) and (c), Stats., states:

DUTY UPON STRIKING PERSON OR ATTENDED OR OCCUPIED VEHICLE. (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:

(a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the

Sezemsky was thrown from his vehicle during the collision and landed in a ditch adjacent to the road. The complaint further alleged that Mann then exited his vehicle and fled on foot.

The complaint, as written, shows probable cause that a crime was committed and that Mann committed the crime. Section 346.67, Stats., provides that the operator of any vehicle involved in an accident must: (a) give his name, address and registration number to the operator of the other vehicle; (b) upon request, exhibit his driver's license to the other operator, and (c) render "to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for . . . medical or surgical treatment . . . ."

The complaint, on its face, shows probable cause that Mann left the scene without rendering reasonable assistance to Sezemsky.

After the complaint was filed, Mann waived his preliminary examination in exchange for an opportunity, by Mann's attorney, to examine all witness statements and reports contained in the district attorney's file. Following the examination, Mann filed a motion for a *Franks* hearing, alleging certain facts that were either intentionally or recklessly omitted from the complaint. Mann claimed that had those facts been made part of the complaint, probable cause that Mann left the scene prior to

operator or occupant of or person attending any vehicle collided with; and

(b) He shall, upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(c) He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

the rendering of assistance would not be established. Following the hearing, the trial court held that the state recklessly omitted certain facts which, had they been included, would have resulted in a lack of probable cause that a crime had been committed. The trial court found a *Franks* violation and dismissed the complaint.

We have held that if the facts are undisputed, probable cause to arrest is a question of law which is subject to an independent review on appeal. *State v. Drogsvold,* 104 Wis. 2d 247, 262, 311 N.W.2d 243, 250 (Ct. App. 1981). Likewise, if the facts remain undisputed when the omitted facts are added to the complaint, the question of probable cause is a question of law. However, whether these facts were recklessly or intentionally omitted is a question of fact for the trial court to resolve and is governed by the clearly erroneous standard. Sec. 805.17(2), Stats. Thus, we are faced with a mixed question of law and fact. We first reach the question of law.

The district attorney's file contains a report by a state trooper that she spoke with a woman who lived in the house on property where one of the vehicles had come to rest. She stated that the driver of one of the vehicles had come to her door and asked that an ambulance be called. She described the man as being dark haired, 5 feet, 8 inches tall, 160–165 pounds and clean looking.

A report by another trooper reveals that while conducting an investigation at the accident scene, one trooper saw a white male exit a home at the southwest corner of the intersection. This trooper also talked to the lady residing in the home who said that a white male, about 5 feet, 8 inches tall, weighing approximately 165 pounds and clean cut had come to her door. The man said that a VW (Sezemsky's car) had just run a stop sign and either asked to use the telephone or that she use the telephone to request assistance.

Sezemsky was lying on his side in a ditch, unconscious.[2] Blood was running down his forehead and his mouth. Obviously, then, Mann was the only driver capable of knocking on this woman's door. He had to be the person who the woman described as being one of the drivers of the cars involved in the accident. It is also clear that Mann did not leave the scene prior to assistance being rendered. A trooper already at the scene observed an individual exit the house and leave. From the woman's description, it is plain that this person was Mann. This is the only fair and reasonable inference that flows from these facts.

Thus, the reports show that Mann did not flee the scene on foot immediately following the collision. He went to the corner house on whose property one of the vehicles had come to rest. He either called for an ambulance or asked that an ambulance be called. He did not leave the scene until law enforcement officials were present.[3]

The above information shows, as a matter of law, a lack of probable cause that Mann violated sec. 346.67(1)(c), Stats.[4] The purpose of this section is to place an affirma-

---

[2] The state claims Sezemsky was lying face down in water which had accumulated in a roadside ditch. This is not a concise statement. Sezemsky was found lying on his side. There is nothing to show that his face was in water.

[3] We parenthetically observe that Mann states he went home after leaving the collision site but went to the police shortly thereafter. In a written statement to the police, he said that the driver of the VW ran a stop sign; that following the collision, he saw that the driver of the other car was hurt and went to a nearby corner house and called the police. The state patrol was there when he left the house. He then went home.

[4] As the trial court observed, sec. 346.67(1)(a) and (b), Stats., are not applicable to this case. It would be a useless gesture to leave a name, address and vehicle registration number to an unconscious person. Similarly, it is implausible to believe that Sezemsky was in any condition to request Mann's driver's license. The state concedes that sec. 346.67(1)(a) and (b) are inapplicable to this case.

tive duty on automobile operators to stay at the scene to render reasonably necessary aid to the injured. There is no duty to remain at the scene after that point.[5] Indeed, we have previously held that under sec. 346.67 (1) (c), the operator can discharge his or her duty to render aid by making arrangements for ambulance conveyance. *State v. Lloyd,* 104 Wis. 2d 49, 63, 310 N.W.2d 617, 625 (Ct. App. 1981). Sezemsky was lying on his side in a ditch. He was unconscious and bleeding from the head and mouth. The pertinent thing to do would be to immediately call for medical help. Based upon the reports, it cannot be seriously disputed that Mann did just this. Additionally, an operator should stay at the scene until reasonable medical assistance is being rendered. It cannot be seriously disputed that Mann complied with this duty as well. If the omitted information had been made part of the complaint, the magistrate would have been bound to find no probable cause that Mann fled the scene before assistance was rendered.

We agree with the state's argument that an operator's duty to render reasonable assistance is not met simply by calling police for help, in every case. As the state aptly points out, an operator could then comply with the statute by stopping some distance away and calling police from a telephone booth. More is often necessary. Each case is to be judged on a case-by-case basis, but the point is that each operator should provide all *reasonable* assistance. In some cases, this may involve physically aiding the injured or assisting in stabilizing the safety of the area or both. In the present case, however, there was nothing more that Mann could have done. We conclude that probable

---

[5] Although the brief of the attorney general does not make this argument, it is clear that the assistant district attorney believes the law to be that operators of vehicles, where a person is injured, must remain at the scene until dismissed by law enforcement officers. That is not the intent of sec. 346.67, Stats.

cause that a crime was committed is lacking once the previously omitted facts are included in the complaint.

The only question remaining is whether the omission was made either intentionally or recklessly. We have previously ruled that this is a question of fact. The trial court found that the omissions of fact were recklessly made. This finding of fact is not clearly erroneous. We affirm.

*By the Court.*—Order affirmed.