STATE of Wisconsin, Plaintiff-Respondent,

v.

John C. MANN, Defendant-Appellant.

Court of Appeals

*No. 86–0042–CR. Submitted on briefs November 17, 1986.—*
*Decided December 4, 1986.*

(Also reported in 400 N.W.2d 489.)

For the defendant-appellant the cause was submitted on the briefs of *Walter W. Stern* and *Sfasciotti & Stern* of Kenosha.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

Before Gartzke, P.J., Dykman, and Eich, JJ.

EICH, J.   John Mann appeals from a judgment convicting him of leaving the scene of an accident in violation of secs. 346.67(1)(a) and (c), Stats. The issues are: (1) whether sec. 346.67 is unconstitutionally vague; (2) whether the trial court misinstructed the jury and erroneously admitted evidence; and (3) whether the evidence supports the verdict. We resolve each question against Mann and affirm the judgment.

The basic facts are not in dispute. Mann was involved in an automobile collision in which the driver of the other car, Frank Sezemsky, was thrown from his vehicle. Realizing that Sezemsky was injured, Mann walked to a nearby house and asked the occupant to call an ambulance. When Mann returned to the accident scene, a state trooper had arrived and was administering first aid to Sezemsky. When questioned, Mann denied that he was involved in the accident and departed. He was arrested several days later.

## I.   CONSTITUTIONALITY OF SEC. 346.67, STATS.

Section 346.67, Stats., provides in pertinent part as follows:

> (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop ... and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:
> (a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person *attending any vehicle collided with*; and
>     . . . .
> .

(c) He shall render to any person injured in such accident *reasonable assistance,* including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person. [Emphasis added.]

The thrust of Mann's argument is sometimes difficult to discern, but he appears to contend that the underscored phrases are so ambiguous and uncertain in meaning that the statute does not give adequate notice of the proscribed conduct.

A person attacking a statute on grounds of vagueness bears a heavy burden, for all legislative acts are attended by a strong presumption of constitutionality. *State v. Vlahos,* 50 Wis. 2d 609, 614, 184 N.W.2d 817, 819 (1971). In order to prevail, the challenger must establish the statute's unconstitutionality beyond a reasonable doubt. *State v. Wickstrom,* 118 Wis. 2d 339, 351, 348 N.W.2d 183, 190 (Ct. App. 1984).

Statutes can be no more precise than the language permits, and "[a] certain amount of vagueness and indefiniteness is inherent in all language." *State v. Ehlenfeldt,* 94 Wis. 2d 347, 355, 288 N.W.2d 786, 789 (1980). As a result, "[n]ot every indefiniteness or vagueness is fatal to a criminal statute .... A fair degree of definiteness is all that is required." *Ministers Life & Casualty Union v. Haase,* 30 Wis. 2d 339, 362, 141 N.W.2d 287, 297, *appeal dismissed,* 385 U.S. 205 (1966).

Mann argues first that the word "attending" is meaningless:

Does attending mean someone such as a tow truck driver, a police officer assisting the tow truck driver or moving the vehicle from the roadway? If a defen-

dant gives notice to a police officer who is attending the victim but not another person who is attending the vehicle has he committed a felony? It is totally unclear what attending means . . . . "

In determining whether a word used in a statute is sufficiently clear to withstand constitutional challenge, we will look to its common and approved usage—its "dictionary definition." *Ehlenfeldt*, 94 Wis. 2d at 356, 288 N.W.2d at 790; *Cheatham v. State*, 85 Wis. 2d 112, 123, 270 N.W.2d 194, 199 (1978). *Webster's Third New International Dictionary* 140 (1976), defines "attend" as follows: "to look after: take charge of."

When Mann returned to the scene, a state trooper was there, aiding the victim, and, when asked, Mann denied any involvement in the accident and left. His argument that he had no obligation under the statute to leave his name because the trooper was "attending" the victim, not the car, is unpersuasive.

> Whenever the law draws a line there will be cases very near each other on opposite sides. The precise course of the line may be uncertain, but no one can come near it without knowing that he does so, if he thinks, and if he does so it is familiar to the criminal law to make him take the risk. *United States v. Wurzbach*, 280 U.S. 396, 399 (1930) (Holmes, J.).

The statute gives "sufficient warning to one bent on obedience, that [s]he comes near the proscribed area" when he or she leaves the scene of an accident under circumstances such as those present here. *State v. Evjue*, 253 Wis. 146, 159, 33 N.W.2d 305, 311 (1948). The statute's failure to define the word "attending" does not offend principles of due process.

Mann also argues that the phrase "reasonable assistance" is "mysterious under the circumstances" and

thus renders the statute impermissibly vague. The word "reasonable" abounds in the statutes and case law, and "[t]he mere fact that a penal statute is so framed as to require a jury . . . to determine a question of reasonableness is not sufficient to make it too vague to afford a practical guide to permissible conduct." *United States v. Ragen*, 314 U.S. 513, 523 (1942). That view, which we adopt, reflects the position of the majority of courts considering similar vagueness challenges to use of the phrase "reasonable assistance," or its equivalent, in hit-and-run statutes. *See, e.g., State v. Milligan*, 349 P.2d 180, 182–83 (Ariz. 1960); *People v. Thompson*, 242 N.W. 857, 859–60 (Mich. 1932); *State v. Masters*, 144 S.E. 718, 720 (W. Va. 1928).

## II.  EVIDENTIARY RULINGS AND JURY INSTRUCTIONS

Mann argues first that the trial court erred in giving the pattern jury instruction on sec. 346.67, Stats., Wis J I—Criminal 2670,[1] because the instruction "is riddled with errors, omissions and misstatements of law which confused and baffled the jury."

This portion of Mann's brief is, by and large, a restatement of his arguments on the vagueness of the terms "reasonable assistance" and "attending the vehicle" which we have already rejected. We need not consider them further. The instruction fairly and adequately informs the jury of the elements of the offense.

---

[1] The trial court did embellish the pattern instruction with an explanation of the nature of the duty to give identifying information and the duty to render reasonable assistance. Both additions were favorable to Mann, and we find no error.

Mann also argues that the court misinstructed the jury when it answered two questions sent out during deliberations. In each case the court discussed the questions with counsel prior to answering them, and in neither case did Mann's counsel object to the form of the answer. Although they are not "instructions" in the usual sense, we believe that Mann's acquiescence in the court's answers waives any objection to their form or content, just as the failure to object to the form of a jury instruction waives any error in the instruction itself. *State v. Brown*, 118 Wis. 2d 377, 381–82, 348 N.W.2d 593, 596 (Ct. App. 1984).

Finally, Mann argues that the court erred in allowing expert medical witnesses to base their opinions on an autopsy report prepared by a since-deceased physician. He contends that the report was inadmissible hearsay and that the witnesses, by using the report to form their own conclusions, were no more than "actor[s] playing [the deceased] Dr. Wagner."

The longstanding rule in Wisconsin is that a physician may properly render an opinion based in part on medical information gleaned from the reports of others. *Vinicky v. Midland Mut. Casualty Ins. Co.*, 35 Wis. 2d 246, 254, 151 N.W.2d 77, 82 (1967). By statute, the hearsay rule is generally inapplicable to the facts or data upon which an expert witness bases his or her opinion; if the facts or data are of a type reasonably relied on by experts in the field, they need not themselves be admissible in evidence. Section 907.03, Stats. No argument is made that the report was not such a document. Indeed, Mann's own expert relied on it as well.

Nor do we perceive any denial of Mann's sixth amendment right of confrontation. Under *Ohio v. Roberts*, 448 U.S. 56, 65 (1980), hearsay evidence does not

violate the confrontation clause if the declarant is unavailable and the evidence bears sufficient indicia of reliability. The autopsy physician was unavailable, and we consider the report to be reliable inasmuch as: (1) there was no challenge to the physician's competence and no suggestion of improper motive; (2) the report was subject to examination and criticism by Mann's own expert and was, in fact, used by that expert in framing his own testimony; and (3) because of the passage of time (two and one-half years) between the autopsy and the trial, it is unlikely that the physician, even if available for cross-examination, would have any significant recollection of the autopsy aside from the data contained in the report.

The "mission" of the confrontation clause is "to advance a practical concern for the accuracy of the truth-determining process in criminal trials." *Dutton v. Evans,* 400 U.S. 74, 89 (1970). Absence of an opportunity to cross-examine the autopsy physician did not, under the circumstances of this case, violate the clause or detract from its mission in any way.

## III. SUFFICIENCY OF THE EVIDENCE

Mann argues that the trial court should have directed acquittal at the close of the state's case or, failing that, at the conclusion of the evidence. We treat the argument as one challenging the sufficiency of the evidence. Mann's position, in essence, is that he did everything he should have. Seeing that Sezemsky was injured, he went to a nearby house to phone for an

ambulance and, when he returned and saw an officer aiding Sezemsky, he left.[2]

As indicated, sec. 346.67, Stats., imposes cumulative duties. One involved in an accident causing injury must: (1) give his name to the other driver, occupant or person attending the other vehicle; *and* (2) provide reasonable assistance to the injured party or parties. If the evidence is adequate to prove a violation of either duty, conviction is proper.

In reviewing the sufficiency of the evidence in criminal trials, we follow longstanding and familiar rules.

> While the state must prove defendant's guilt beyond a reasonable doubt, on appeal this court's review is limited to determining whether the evidence adduced, believed and rationally considered by a jury was sufficient to prove defendant's guilt beyond a reasonable doubt. Reversal is required only when the evidence considered most favorably to the state and the conviction is so insufficient in probative value and force that it can be said as a matter of law that no trier of facts acting reasonably could be convinced to that degree of certitude which the law defines as beyond a reasonable doubt. [Footnotes omitted.] *State ex rel. Kanieski v. Gagnon*, 54 Wis.2d 108, 113, 194 N.W.2d 808, 811 (1972).

Mann concedes that he left the scene without identifying himself or leaving his name. He claims that such

---

[2] Mann cites an earlier court of appeals decision in this case as authority for his position. He quotes at length from *State v. Mann*, 120 Wis. 2d 629, 633–34, 357 N.W.2d 9, 11–12 (Ct. App. 1984), to the effect that the criminal complaint stating the same facts was held insufficient to state probable cause that he violated sec. 346.67, Stats. He fails to report, however, that, on review, the supreme court reversed that ruling. *State v. Mann*, 123 Wis. 2d 375, 390–92, 367 N.W.2d 209, 215–16 (1985).

action was not a violation of the statute because: (1) Sezemsky was unconscious, so he could not leave his name with him; and (2) the trooper was attending Sezemsky, not the vehicle. As to the second point, he continues to maintain that the word "attending" is unclear, and the state did not present any evidence as to its meaning. We have ruled that the phrase "attending [the] vehicle" is not impermissibly vague and that the jury was adequately instructed on the charged offense.

Section 346.67, Stats., does not limit the duty to remain on the scene and leave one's name to accidents where the injured person remains conscious or to cases where the responding police officer stands by the victim's automobile, rather than by the victim. The statute mandates that "in every event [the operator] shall remain at the scene . . . until he has fulfilled the [stated] requirements." The jury could, on the evidence before it, determine that the trooper was "attending" Sezemsky's vehicle in the statutory sense and that Mann's silent departure violated sec. 346.67(1)(a).

*By the Court.*—Judgment affirmed.