STATE of Wisconsin, Plaintiff-Respondent,

v.

William J. SWATEK, Defendant-Appellant.

Court of Appeals

*No.  92–2115–CR.  Submitted on briefs April 22, 1993.—Decided June 23, 1993.*

(Also reported in 502 N.W.2d 909.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey D. Knickmeier*, of Stoughton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J.   William J. Swatek appeals from a judgment of conviction for failing to remain at the scene of an accident to render reasonable assistance to an injured person, contrary to secs. 346.67(1)(c) and 346.74(5)(d), Stats., and from an order denying his motion for postconviction relief. The sole issue on appeal is whether the operator of a vehicle involved in an accident with a pedestrian has a duty to render reasonable assistance when it appears the pedestrian was killed instantly by the impact. We resolve the issue against Swatek and affirm the judgment and order.

The relevant facts are undisputed. On October 30, 1990, at 10:41 p.m., Swatek was involved in a fatal accident when the pickup truck he was operating struck a pedestrian, Jody McClaren, who was walking alongside the road. Swatek was later arrested and charged with homicide by intoxicated use of a motor vehicle, homicide by the operation of a vehicle with a prohibited blood alcohol concentration (BAC), and failing to remain at the scene of the accident to render reasonable assistance.

At trial, the state called as a witness David Walker, a passerby who located McClaren's body minutes after the accident. Walker testified that he was driving eastbound on the road where the accident occurred when he saw Swatek's red pickup truck parked on the westbound shoulder of the roadway with a smashed grill, bent hood and broken windshield. After passing the truck and traveling a distance of 125 to 150 feet, Walker saw a person lying in the roadway close to the westbound shoulder. Walker testified that "the body was so disfigured." After unsuccessfully checking the body for signs of breathing, Walker left the scene to call the police. Walker also testified that

shortly after checking the body he observed the red pickup truck leave the scene.

The pathologist who performed the autopsy on McClaren's body, Dr. Billy Bauman, testified that McClaren died from severe blunt force injuries which crushed her face, lacerated her brain, fractured her neck, crushed her chest and ruptured her abdominal organs. Dr. Bauman opined that McClaren's death from the impact was "virtually instantaneous, with the degree of injuries she had." He further testified that despite the condition of McClaren's body after the accident, absent decapitation, he would not have pronounced her dead at the scene "from four feet away in the dark."

Swatek also testified. He stated he was westbound when he struck McClaren and that after the collision he pulled his pickup truck off the road. Swatek and his passenger, Scott Ihm, then began walking back towards the area where McClaren's body came to a rest in the westbound traffic lane. When Swatek and Ihm were sixty to ninety feet from the body, however, Swatek concluded from its mutilated condition that McClaren was dead and that neither he nor Ihm could render any assistance. Swatek testified that he told Ihm as they were walking towards the body that "[w]e can't do nothing for her. . . . I know it's beyond our capabilities. We have got to get somebody that can do something for her." Without advancing any closer to McClaren's body, Swatek and Ihm then left the scene. Forty-five minutes later, Ihm called the police to report the accident.

Before trial and again at the close of the state's case-in-chief, Swatek moved to dismiss the charge of failure to render reasonable assistance. He argued that it was impossible for him to render reasonable assis-

tance because McClaren was killed instantly by the impact. The trial court denied his motions and the matter was submitted to the jury.

The jury acquitted Swatek of the homicide by intoxicated use charges but found him guilty of operating while intoxicated, a lesser included offense, and failing to remain at the scene to render reasonable assistance. After denial of his postconviction motions, Swatek brought this appeal challenging only the failure to remain at the accident scene conviction.

On appeal, Swatek contends the evidence adduced by the state at trial was insufficient to support his conviction under sec. 346.67(1)(c), Stats. Specifically, he argues that since McClaren died instantly upon impact, there was no "person injured" to whom he could have rendered reasonable assistance. *See id.* The state counters that the duty to render "reasonable assistance" must be examined under the circumstances existing at the time of the accident and that whether McClaren's death was instantaneous begs the question. Thus, the state opposes Swatek's assertion that McClaren's death absolved his failure at the time of the accident to investigate whether reasonable assistance was possible.

The appellate issue requires that we construe sec. 346.67, Stats. This presents a question of law which we review *de novo. State v. Skaff*, 152 Wis. 2d 48, 56, 447 N.W.2d 84, 88 (Ct. App. 1989). The sole purpose of such a review is to ascertain the intent of the legislature, and our first resort is to the statute's plain language. *In re J.A.L.*, 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991). In the absence of ambiguity, we will not look beyond the language of the statute in applying it. *State*

*v. Hoffman*, 163 Wis. 2d 752, 760, 472 N.W.2d 558, 561 (Ct. App. 1991).

Section 346.67(1), Stats., provides:

> **Duty upon striking person or attended or occupied vehicle. (1)** The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident *until the operator has fulfilled the following requirements:* [Emphasis added.]

The requirement lying at the heart of the appellate issue is provided by para. (c):

> (c)  The operator shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

Section 346.67(1)(c).

If we were to view the statutory phrase "shall render to any person injured" in isolation, we might agree with Swatek's interpretation that if the person struck is killed instantly, no violation of the duty to render reasonable assistance can occur. However, when examining a particular phrase in a statute, we must look at it in light of the entire statute. *Town of Sheboygan v. City of Sheboygan*, 168 Wis. 2d 268, 273,

6

483 N.W.2d 306, 308 (Ct. App. 1992). In addition, we must construe the phrase to promote the statute's purpose. *Id.*

We begin by noting the two clear purposes of sec. 346.67, Stats.: (1) to ensure that injured persons may have medical or other attention with the least possible delay, and (2) to require the disclosure of information so that responsibility for the accident may be placed. *See Link v. State*, 217 Wis. 582, 585, 259 N.W. 428, 429 (1935). To effect those purposes, the statute requires the operator of "any vehicle involved in an accident resulting in injury to or death of any person" to stop and remain at the scene until certain duties are fulfilled. Section 346.67(1). Thus, it is clear that the legislature contemplated both fatal and nonfatal accidents and that it made the duties imposed by the statute applicable to both. One such duty is that the operator provide reasonable assistance to "any person injured." Section 346.67(1)(c). Because the term "injured" is unqualified, it negates the suggestion that the legislature intended to exclude persons fatally injured. Finally, the statute requires operators to provide reasonable assistance "*including* the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment." *Id.* (emphasis added). This inclusive language makes clear that assistance other than conveyance to a medical facility may be reasonable depending on the circumstances present at the time of the accident.

We are persuaded that a reasonable person standard is envisioned by the statute for determining whether an operator has fulfilled the duty to render reasonable assistance. Thus, the duty under sec. 346.67(1)(c), Stats., does not turn on whether a per-

son's injuries are immediately fatal, but on whether the operator rendered that amount of assistance which an ordinary, reasonable person would render under the same or similar circumstances. We also conclude that whether an operator has fulfilled this duty will, in most instances, present a question for the jury.

A decision of the Iowa Supreme Court supports our conclusion. In *State v. Sebben*, 185 N.W.2d 771 (Iowa 1971), the defendant struck a pedestrian who died immediately after the impact. The evidence at trial showed that although the defendant returned and stopped at the scene, no attempt was made to assist the person struck. At the close of the state's case, the defendant moved for a directed verdict asserting that the state failed to generate a jury question on the issue of whether he failed to render assistance after the accident. The defendant argued that because the pedestrian was killed instantly, " 'no person injured' was legally and factually extant at any time after impact to inform or give assistance." *Id.* at 772. The trial court granted the defendant's motion for a directed verdict.

Construing a "duty to render assistance" statute virtually identical to Wisconsin's, the Iowa Supreme Court reversed.[1] The court stated:

---

[1] The Iowa statute provides in full:

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with *and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if*

We construe section 321.263 [the duty to render assistance statute] to express the legislative intent that where no other vehicle is involved and the person struck is rendered unconscious or instantly killed a duty is imposed on the offending driver to render to the person struck assistance which would reasonably appear to him, as an ordinary person, at the time to be necessary. Ordinarily, it will be for the trier of fact to say whether the driver has fulfilled this duty.

... [A]lthough the evidence showed defendant stopped or returned to the scene, the State's case does not fail where it generates a jury question of the issue of his failure to render reasonable assistance, a separate and distinct requirement of 321.263.

*Id.* at 776. *See also Wylie v. State*, 797 P.2d 651, 661 (Alaska Ct. App. 1990).

Given our conclusion, we are satisfied under the facts presented here that we would violate the legislature's intent if we were to hold that McClaren's instantaneous death fortuitously absolved Swatek of any duty to reasonably investigate whether assistance was possible. When Swatek stopped after the accident, he made no reasonable attempt to investigate McClaren's condition. Instead, he concluded, based upon the impact and his view of McClaren's body at night from sixty to ninety feet away, that assistance was not required.

---

*it is apparent that such treatment is necessary or if such carrying is requested by the injured person.*

*See State v. Sebben*, 185 N.W.2d 771, 773–74 (Iowa 1971) (quoting IOWA CODE § 321.263 (1966) (emphasis added)). *See also State v. Carpenter*, 334 N.W.2d 137, 140 (Iowa 1983).

Even though McClaren's death was more likely than her survival, we nonetheless conclude, under the facts of this case, that the law required more than Swatek's unreasonable token actions. *Inherent in the statutory duty to render reasonable assistance is a threshold duty to at least minimally investigate whether assistance is required.*[2] We conclude that the statute applied to Swatek's actions. We also conclude that a jury, believing and rationally considering the evidence, could find that Swatek failed to render reasonable assistance to McClaren after the accident. *See State v. Lloyd*, 104 Wis. 2d 49, 60, 310 N.W.2d 617, 623–24 (Ct. App. 1981).

*By the Court.*—Judgment and order affirmed.

---

[2] The trial court expressed the same logic when it rhetorically inquired how an operator can conclude that the victim is a corpse unless a reasonable inquiry is made.