STATE of Wisconsin, Plaintiff-Appellant,

v.

Stephan E. YODER, Jr., Defendant-Respondent.

Court of Appeals

*No. 95–0808–CR. Submitted on briefs January 25, 1996.—Decided February 28, 1996.*

(Also reported in 546 N.W.2d 575.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *R. Steven Prifogle,* assistant state public defender.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. The State appeals from an order of the trial court granting Stephan E. Yoder, Jr.'s motion for dismissal. We conclude that the parties' stipulation that the victim was dead prior to Yoder's contact with him rendered § 346.67(1)(c), STATS., inapplicable. Accordingly, we affirm the trial court's order.

The facts are alleged in the complaint as follows: Roxanne Bartel initially hit a pedestrian and did not stop to render aid. An autopsy showed that the pedestrian's spinal cord was severed on impact and that he died instantaneously. Subsequently, Yoder was driving in the same area. He stated that he observed something lying in the roadway and that he struck a body lying there. He said that he stopped and stepped out of his truck and saw the body lying behind his truck on the shoulder of the road. He then left the scene.

A complaint was filed alleging that Yoder was the operator of a vehicle involved in an accident which resulted in the death of a person and failed to immediately stop at the scene of the accident and fulfill certain statutory requirements, contrary to § 346.67(1), STATS. Yoder filed a motion to dismiss the complaint as insufficient, contending that from the facts alleged, the court could not infer that Yoder's accident with the victim resulted in the victim's death. The trial court held that the complaint was sufficient. A substitution of judge was made, and Yoder again filed a motion to dismiss the action, alleging that the evidence adduced at the preliminary examination failed to support the finding of the court that Yoder probably committed a felony. The court granted Yoder's motion to dismiss the action. The State appeals.

The State argues that "[t]he statutory duty imposed upon one striking a person while operating a motor vehicle by sec. 346.67(1)(c), STATS., to at least minimally investigate whether assistance is required and to take more than 'token action,' is required regardless of the fact that the victim may have already expired when the striking occurred." In contrast, Yoder argues that he cannot be charged with §§ 346.67 and 346.74, STATS., when no probable cause exists to show that his accident resulted in the death of another person.

Whether § 346.67, STATS., applies in this case requires interpretation of the statute. Statutory interpretation is a question of law that we review de novo. *State v. Swatek*, 178 Wis. 2d 1, 5, 502 N.W.2d 909, 911 (Ct. App. 1993). Because we conclude that § 346.67 is clear and unambiguous for the purpose of this appeal, we need not look beyond the plain language of the stat-

ute in reaching our decision. *See Swatek*, 178 Wis. 2d at 5, 502 N.W.2d at 911.

Section 346.67, STATS., provides:

**Duty upon striking person or attended or occupied vehicle. (1)** The *operator* of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the operator has fulfilled the following requirements . . . .

Under § 346.67, a driver involved in an accident *resulting in* injury to or death of any person is responsible to follow the dictates of the statute.

In *Swatek*, 178 Wis. 2d at 3, 502 N.W.2d at 910, this court analyzed the issue of whether the operator of a vehicle involved in an accident with a pedestrian had a duty to render reasonable assistance when it appeared that the pedestrian was killed instantly by the impact. The defendant struck a pedestrian who was walking along the side of the road. The pathologist testified that the victim had died instantaneously. We held that under § 346.67, STATS., the legislature contemplated both fatal and nonfatal accidents and that it made the duties imposed by the statute applicable to both. "Because the term 'injured' is unqualified, it negates the suggestion that the legislature intended to exclude persons fatally injured." *Swatek,* 178 Wis. 2d at 7, 502 N.W.2d at 912. We stated that the statute envisioned a reasonable-person standard for determining whether a driver has fulfilled the duty to render reasonable assistance: "Thus, the duty under sec.

346.67(1)(c), Stats., does not turn on whether a person's injuries are immediately fatal, but on whether the operator rendered that amount of assistance which an ordinary, reasonable person would render under the same or similar circumstances." *Swatek*, 178 Wis. 2d at 7-8, 502 N.W.2d at 912.

The facts in *Swatek* can be distinguished from those in the present case in that it was undisputed that Swatek was the only driver who struck the pedestrian. There was no question that Swatek's actions caused injury or death to the victim. Here, however, there is no question that the victim was dead before Yoder struck the corpse with his vehicle.

We conclude that the State, by stipulating that the victim was deceased prior to being run over by Yoder, took itself outside of the statute. Injury or death of a person is an element of the offense. The State concedes that this element of § 346.67(1), STATS., was not satisfied;[1] therefore, Yoder could not be found guilty of its violation. Although we believe that morality and ethics bind Yoder to a higher standard, it is the job of the legislature, not this court, to change the law to impose a duty upon all users of our highways to stop and render aid at any accident scene in which they are involved. *See State v. Engler*, 80 Wis. 2d 402, 410, 259 N.W.2d 97, 101 (1977).

*By the Court.*—Order affirmed.

---

[1] WISCONSIN J I-CRIMINAL 2670 provides: "The third element requires that the accident resulted in (injury to any person) (damage to a vehicle driven or attended by any person)."