I fully concur in the main opinion. I write only to clarify why I believe that the Alabama Medical Liability Act, Ala. Code 1975, § 6-5-480 et seq., as supplemented by § 6-5-540 et seq. ("the AMLA"), does not apply to this case.
The AMLA provides that "[a] breach of the standard of care is the failure by a health care provider to comply with the standard of care, which failure proximately causes personal injury or wrongful death." § 6-5-542(2), Ala. Code 1975. A person who is already dead cannot sustain a personal injury or be wrongfully killed. See Bauer v. North Fulton Med. Ctr., Inc.,241 Ga.App. 568, 527 S.E.2d 240 (1999); State v. Yoder, 200 Wis.2d 463,546 N.W.2d 575 (Ct.App. 1996).[3] Because a medical procedure performed on a person who is already dead cannot "proximately cause [the] personal injury or wrongful death" of that person, the performance of such a procedure on a person who is already dead cannot be a breach of the standard of care under the AMLA.
An individual who has "sustained either (1) irreversible cessation of circulatory and respiratory functions, or (2) irreversible cessation of all functions of the entire brain, including the brain stem, is dead." § 22-31-1, Ala. Code 1975. In the case before us, Steven Shealey was pronounced dead at 6:48 a.m., eastern standard time, after a severe asthma attack. There is no suggestion that Steven Shealey was still alive at the time of the procedure, nor is there any suggestion that the cornea procedure was related to any effort to keep him alive, to revive him, or to complete a medical procedure undertaken in such an effort or necessitated by it. The alleged injury therefore arose from a medical procedure performed on the already deceased Steven Shealey.
Because the AMLA governs claims involving personal injury or death, the standard of care found in the AMLA is not the appropriate standard of care in the case before us.
[3] I also note that "Section 6-5-462 does not permit the filing of a personal-injury claim on behalf of a person after he or she is dead." Bassie v. Obstetrics Gynecology Assocs. ofNorthwest Alabama, P.C., 828 So.2d 280, 283 (Ala. 2002); seealso § 6-5-462, Ala. Code 1975.