STATE of Wisconsin, Plaintiff-Appellant,

v.

Aprylann WUTESKA, Defendant-Respondent.†

Court of Appeals

*No. 2006AP2248–CR. Submitted on briefs March 13, 2007.*
*—Decided May 17, 2007.*

2007 WI App 157

(Also reported in 735 N.W.2d 574.)

† Petition to review denied 8-14-07.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *David J. Becker*, assistant attorney general, and brief by *Peggy A. Lautenschlager*, attorney general, and a reply brief by *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark H. Bennett* of *Bennett and Bennett, LLC*, Portage.

Before Dykman, Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. The State of Wisconsin appeals the circuit court order refusing to bind over Aprylann Wuteska on a charge that she violated WIS. STAT. § 346.67(1) (2005–06),[1] Wisconsin's "hit-and-run" statute. The circuit court concluded that the statute does not require the operator of the vehicle to identify himself or herself as the operator of the vehicle, but only to give his or her name, address, and registration

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

number of the vehicle. We disagree and conclude that § 346.67(1) requires an operator of a vehicle to identify him or herself as the operator of the vehicle. With this construction of the statute, there is no dispute that the evidence at the preliminary hearing[2] was sufficient to support a bind over on this charge. Therefore, we reverse and remand to the circuit court with instructions to order that Wuteska be bound over on this charge.

## BACKGROUND

¶ 2.    The charge in this case arises out of a collision between a motorcycle and a pickup truck that resulted in the death of the motorcycle operator. The complaint alleges that Wuteska was the operator of the truck and that she violated WIS. STAT. § 346.67(1), which provides:

> **Duty upon striking person or attended or occupied vehicle. (1)** The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the operator has fulfilled the following requirements:
>
> (a) The operator shall give his or her name, address and the registration number of the vehicle he or she is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

[2] As we explain *infra* in paragraph 7, some of the evidence that we, like the circuit court, consider was not presented at the preliminary hearing but was assumed for purposes of the circuit court's decision on bind over.

(b) The operator shall, upon request and if available, exhibit his or her operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

(c) The operator shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

¶ 3.   Wuteska moved to dismiss the criminal complaint on the ground that the complaint failed to state facts concerning every element of the offense. The court held a preliminary hearing at which the following evidence was presented.

¶ 4.   A witness for the State testified that earlier in the evening of the accident he was at a tavern with Wuteska, Ronald Wuteska, and a number of other people. Wuteska left the bar about forty-five minutes after she had arrived. Sometime after she left, she came back into the bar and yelled that a motorcycle had struck the pickup truck and to call 911. Someone from the bar called 911. When this was happening, Ronald was "sitting two stools away" from the witness. The witness and others in the bar went outside and the witness saw a person lying on the highway who was later identified as the operator of the motorcycle.

¶ 5.   The Marquette County deputy sheriff called to the scene of the accident testified that by the time he arrived, medical personnel were already there attending to the person lying on the highway. He saw a pickup truck "mostly on the westbound lane of State Highway 82 and a motorcycle near the passenger side of that vehicle"; they were about twenty-to-thirty yards from

650

the entrance to the tavern. A firefighter on the scene identified Ronald as either the owner or driver of the pickup truck, so the deputy spoke to Ronald. Ronald said he was going to pull into the parking lot of the tavern and was waiting for a vehicle that was going westbound on the highway when the motorcycle struck him; he turned sharply to try to get out of the motorcycle's way but was not successful. The deputy sheriff spoke to Wuteska, who told him the same thing and said she was the passenger.

¶ 6. According to the testimony of a pathologist, the motorcycle operator died from the injuries sustained in the accident.

¶ 7. Another witness had been subpoenaed by the State to testify at the preliminary hearing, but was not able to appear in person. The State explained that this witness would testify that she saw Wuteska get out of the driver's side of the pickup truck and that Ronald came out of the bar and was not in the pickup truck at all. Wuteska's attorney was willing to assume that the witness would so testify for purposes of arguing the motion to dismiss, so the preliminary hearing concluded without the witness's testimony.

¶ 8. The State argued that Wuteska had not complied with the requirement of Wis. Stat. § 346.67(1)(a) because she inaccurately told the officer she was the passenger and left the scene without correcting that inaccurate information. Wuteska's position was that Wuteska did comply with the statute.

¶ 9. The circuit court agreed with Wuteska. It concluded that the statute does not require that the operator identify himself or herself as the operator. Because the testimony showed that Wuteska had told someone in the tavern to call 911 and had remained at the scene and given her name, the court concluded that

she could not be charged with a violation of the hit-and-run statute, although there was probable cause for an obstruction charge.[3]

## DISCUSSION

¶ 10. On appeal the State argues that while the circuit court's reading of Wis. Stat. § 346.67(1) may be reasonable, it is more reasonable to read the statute to require that the motor vehicle operator identify himself or herself as the operator. Wuteska responds that the statute plainly does not impose this requirement.

¶ 11. The proper construction of a statute when the relevant facts are undisputed presents a question of law, which we review de novo. *Coutts v. Wisconsin Ret. Bd.*, 209 Wis. 2d 655, 663, 562 N.W.2d 917 (1997).

¶ 12. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the

---

[3] The circuit court is to bind over the defendant for trial if it decides the facts and reasonable inferences drawn from the facts support the conclusion that the defendant probably committed a felony. *State v. Watson*, 227 Wis. 2d 167, 205, 595 N.W.2d 403 (1999), citing *State v. Dunn*, 121 Wis. 2d 389, 397–98, 359 N.W.2d 151 (1984).

A violation of Wis. Stat. § 346.67(1) is a Class D felony if the accident involves death to a person. Wis. Stat. § 346.74(d). Obstructing an officer is a Class A misdemeanor. Wis. Stat. § 946.41(1).

context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If, employing these principles, we conclude the statutory language has a plain meaning, we apply the statute according to that plain meaning. *Id.*, ¶ 51.

¶ 13. Applying these principles, we conclude the only reasonable meaning of WIS. STAT. § 346.67(1)(a) is that it requires the operator of the vehicle to identify himself or herself as the operator. The introductory language of § 346.67(1) imposes a number of obligations on "[t]he *operator* of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle . . . ." (Emphasis added.) Section 346.67(1)(a) requires "[t]he *operator* [to] . . . give his or her name, address *and the registration number of the vehicle he or she is driving* . . . to the person struck or to the operator or occupant of or person attending any vehicle collided with."[4] (Emphasis added.) Implicit in giving the registration number "of the vehicle he or she is driving" is giving the information that he or she is driving the vehicle whose registration number is being provided.

---

[4] In *State v. Mann*, 135 Wis. 2d 420, 424–25, 430, 400 N.W.2d 489 (Ct. App. 1986), we held that the word "attending" is not unconstitutionally vague and that an operator who leaves the scene of an accident without giving the specified information to the responding officer has violated this requirement; we rejected the argument that the officer was not a "person attending any vehicle collided with" because he was aiding the injured person and was not doing something in relation to the vehicle.

¶ 14. In addition, WIS. STAT. § 346.67(1)(b) requires that "[t]he *operator* shall, upon request and if available, *exhibit his or her operator's license . . .*" (Emphasis added.) Such a request makes no sense unless the operator has first identified himself or herself as the operator.

■

¶ 15. Finally, we consider the purpose of WIS. STAT. § 346.67(1). The "two clear purposes" of Wisconsin's hit-and-run statute are:

> (1) to ensure that injured persons may have medical or other attention with the least possible delay; and (2) to require the disclosure of information so that responsibility for the accident may be placed.

*State v. Swatek,* 178 Wis. 2d 1, 7, 502 N.W.2d 909 (Ct. App. 1993). The first purpose relates to para. (1)(c), which is not at issue in this case. The second purpose is the one that is relevant to construing para. (1)(a). In order to determine responsibility for the accident, it is necessary to know who was operating the vehicles involved in the accident. It is not logical that the legislature would choose to permit persons operating vehicles involved in accidents to conceal or fail to disclose that they were the operators; the only logical reason for requiring that the operator provide his or her name, address, and vehicle registration number is so that others involved in the accident or law enforcement have information about the operator that will assist in gathering information about the accident. The construction advocated by Wuteska and adopted by the circuit court thwarts this purpose because it permits the operator to conceal the fact that he or she was driving and also permits the operator to falsely identify someone else as the operator. This construction not

only does not assist in assigning responsibility for the accident, but it affirmatively makes it more difficult.

¶ 16. In summary, we conclude that WIS. STAT. § 346.67(1) requires the operator of a vehicle to identify himself or herself as the operator of the vehicle. Wuteska does not contend that, if this is the proper construction, the evidence at the preliminary hearing is insufficient to establish probable cause for this charge. Accordingly, we reverse and remand to the circuit court with instructions to order that Wuteska be bound over on this charge.

*By the Court.* —Order reversed and cause remanded with directions.