STATE of Wisconsin EX REL. UNNAMED PETI-
TIONER, Petitioner,

v.

CIRCUIT COURT FOR WALWORTH COUNTY,
The Honorable John R. Race, presiding, and State of
Wisconsin, Respondents.†

Court of Appeals

*No. 90-0355-W. Submitted on memorandum briefs April 18,
1990.—Decided June 20, 1990.*

(Also reported in 458 N.W.2d 575.)

†Petition to review denied.

On behalf of the petitioner there was a memorandum brief by *John O. Olson* of *Braden & Olson* of Lake Geneva.

On behalf of the respondents there were memorandum briefs by *David A. Danz,* district attorney for Walworth County, and *Steven R. Wassel* of the *Law Offices of Wassel & Kilkenny* of Delavan.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.  If a district attorney refuses or is unavailable to issue a criminal complaint, a circuit judge may permit the filing of a complaint pursuant to sec. 968.02(3), Stats. The issue in this case is whether the judge has authority, under that same statute, to order the district attorney to file a different or additional charge than the charge or charges already brought. We hold that the statute does not allow a judge this power. We reverse.

The unnamed petitioner was charged with unlawful sexual intercourse with a child age sixteen or older, contrary to sec. 948.09., Stats., a misdemeanor. The complainant was apparently unhappy with the charge and filed a request for an *ex parte* hearing to determine whether there was probable cause to believe that the petitioner had committed a felony sexual assault, contrary to sec. 940.225, Stats. As a result of the hearing, the judge ordered the district attorney to file a criminal complaint of felony sexual assault. The unnamed petitioner was granted a stay while he petitioned this court for a supervisory writ compelling the trial court to

reverse its order. The district attorney joined the unnamed petitioner's cause.

Section 968.02(3), Stats., provides:

> If a district attorney refuses or is unavailable to issue a complaint, a circuit judge may permit the filing of a complaint, if the judge finds there is probable cause to believe that the person to be charged has committed an offense after conducting a hearing. If the district attorney has refused to issue a complaint, he or she shall be informed of the hearing and may attend. The hearing shall be ex parte without the right of cross-examination.

■ The literal reading of this statute is that it provides for judicial discretion in the charging function, but only in specific circumstances: in the absence of the district attorney or after a refusal of the district attorney to initiate prosecution. *State v. Unnamed Defendant,* 150 Wis. 2d 352, 366, 441 N.W.2d 696, 701 (1989). Neither circumstance exists here. The district attorney was not absent. Prosecution of the petitioner has been initiated.

The complainant argues that the court properly used sec. 968.02(3), Stats. She observes that sec. 939.65, Stats., permits the charging of more than one criminal offense for the same act. She reasons that the trial court may use sec. 968.02(3) in order to properly implement sec. 939.65.

She also argues that public policy favors her rationale. She hypothesizes that an injustice would be done were the district attorney to charge disorderly conduct when circumstances might lead to the conclusion that a first-degree murder had occurred.

We decline the complainant's invitation to read something into the law that is not there. The statute refers only to a district attorney's refusal to issue *a* com-

plaint. Strict application of this statute is appropriate to avoid its use as a means to review the district attorney's charging decision. *See Unnamed Defendant,* 150 Wis. 2d at 367–68, 441 N.W.2d at 702 (Heffernan, C.J., concurring). We further note that the district attorney's discretionary power to charge has received strong support from our supreme court over the past several years. *See State v. Hooper,* 101 Wis. 2d 517, 532–33, 305 N.W.2d 110, 118 (1981).

We conclude that while the law permits the charging of more than one criminal offense for the same act, it is the district attorney who has that discretion; there is no statute allowing a judge to second-guess that discretionary choice. If the judge is to have that power, the legislature must write the law. We cannot.

We also remark that the complainant's hypothetical about a district attorney charging disorderly conduct instead of first-degree murder is fantasy. District attorneys are elected and subject to recall. They are public officeholders pursuant to the political will of the populace and are bound by the public trust. The worst case scenario is not likely to happen. We determine that the public policy argument is without merit.

We grant the petition for supervisory writ compelling the circuit court for Walworth county, the Honorable John R. Race, presiding, to reverse its order.

*By the Court.*—Writ granted.