# IN the INTEREST OF R.H.L., A Child Under the Age of 18 Years: R.H.L., Appellant,†

## v.

# STATE of Wisconsin, Respondent.

Court of Appeals

*No. 90-1052. Submitted on briefs November 19, 1990.—Decided December 5, 1990.*

(Also reported in 464 N.W.2d 848.)

†Petition to review denied.

On behalf of the appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the respondent, the cause was submitted on the brief of *Clarice R. Ruehl,* assistant district attorney.

On behalf of the respondent, there was a supplemental brief submitted by *Donald J. Hanaway,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Nettesheim, P.J., Brown and Scott, JJ.[1]

SCOTT, J.  R.H.L. appeals from a dispositional order adjudicating him delinquent and placing him in the custody of the Department of Health and Social Services. The trial court denied R.H.L.'s request for a

---

[1]Originally a one-judge appeal, this case was ordered to be decided by the panel because of the importance of the issue raised. Upon invitation, the attorney general also submitted a brief on behalf of the state.

jury trial on his special plea of not responsible by reason of mental disease or defect. R.H.L. contends that sec. 48.30, Stats., entitles him to a trial by jury on that issue. We disagree, and affirm the trial court.

A delinquency petition filed July 11, 1989 charged R.H.L. with four counts of sexual assault. R.H.L. admitted to two of the charges. The dispositional order indicates the other two counts were read in and dismissed with prejudice.[2]

The court ordered a psychological evaluation. One of the three examining doctors concluded that R.H.L. suffered from a dissociative disorder, or "multiple personality." The court allowed R.H.L. to join his admissions with a special plea of not responsible by reason of mental disease or defect. In the meantime, R.H.L. became the subject of a civil commitment under ch. 51, Stats.

At a status review hearing on September 26, 1989, R.H.L. requested a jury trial on his special plea. The trial court denied the request, concluding that—in contrast to the criminal code—ch. 48, Stats., does not authorize a jury trial on the matter of responsibility.

At the commencement of the responsibility hearing, R.H.L. renewed his request for a jury trial. The request was again denied. After hearing testimony by the psychiatrist and two psychologists who had evaluated R.H.L., the trial court concluded that R.H.L. was suffering from a mental disease at the time the crimes were committed. Consistent with the conclusions of two of those experts, the court determined that R.H.L. nonetheless was responsible for his conduct. Custody of R.H.L. was ordered transferred to the department. R.H.L. now

[2]Our review of the plea hearing transcript indicates that of the two dismissed counts, only one was read in and the other was dismissed outright.

appeals, seeking a jury determination of his responsibility.

R.H.L. urges that since delinquency proceedings are substantially similar to criminal prosecutions, the right to a trial by jury should be afforded to the juvenile just as it is to the adult defendant. *See* sec. 971.165, Stats. He agrees with the state, however, that a juvenile's right to a jury trial is purely statutory, rather than constitutional, in nature. *In re N.E.,* 122 Wis. 2d 198, 201, 361 N.W.2d 693, 695 (1985). Therefore, absent a statute authorizing a jury trial on responsibility, no such right exists.

Determining whether a juvenile is entitled to a jury trial on responsibility requires that we engage in statutory interpretation. The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *In re P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). To determine that intent, we first look to the language of the statute itself. *Id.* If the statute is clear on its face, our inquiry ends. *Id.* Only if it is ambiguous will we look beyond its words. *See id.* A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in either of two or more senses. *Id.* at 878–79, 350 N.W.2d at 682.

Section 48.30(5), Stats., governing plea hearings, reads in relevant part:

> **(5)(a)** If the child enters a plea of not responsible by reason of mental disease or defect *the court* shall order an examination under s. 48.295 and . . . *[t]he court* shall set a date for hearing as follows:
> 1. If the child admits or pleads no contest to the allegations in the petition, the hearing to determine whether the child was not responsible by reason

of mental disease or defect shall be held [within a certain time].

. . ..

(b)   If *the court,* after a hearing under par. (a), finds that the child was responsible, *the court* shall proceed to a dispositional hearing.

(c)   If *the court* finds that the child was not responsible by reason of mental disease or defect, as described under s. 971.15(1) and (2), *the court* shall dismiss the petition with prejudice . . .. [Emphasis added.]

■ Despite the apparently clear language, under *State ex rel. Gebarski v. Circuit Court,* 80 Wis. 2d 489, 259 N.W.2d 531 (1977), we must conclude the statute is ambiguous. In *Gebarski,* the supreme court considered whether in sec. 971.17(2), Stats., the phrase "If the court is satisfied" allows reexamination *by jury* of the mental condition of a person committed after acquittal of a crime by reason of mental disease or defect. The court determined that the word "court" was ambiguous because it could refer to "judge alone or to both judge and jury." *See Gebarski,* 80 Wis. 2d at 496, 259 N.W.2d at 534. After examining the statute's origins and history, the court concluded that the legislature intended the statute to permit a trial by jury. *Id.* at 502, 259 N.W.2d at 537.

R.H.L. likewise urges us to rule that although sec. 48.30(5), Stats., expressly addresses itself only to duties of "the court," here, too, the legislative intent is to permit a jury determination of mental responsibility. Noting the statute's repeated references to "the court," the trial court concluded that "the legislature did not intend to allow a juvenile to have a jury trial in this area of the law." We, too, conclude that "court," as used in sec.

48.30(5), does not contemplate a jury determination of a juvenile's mental responsibility.

R.H.L. suggests that to read the statute as the trial court did—and as we do—would produce absurd results. We disagree. Wherever "court" is used in sec. 48.30, Stats., it appears in conjunction with words or directives unmistakably applicable to a judge alone. Only a judge can "set a date for hearing," "hold a fact-finding hearing," or "proceed to a dispositional hearing." Section 48.30(5)(a), (b). Indeed, only a judge can "inform the child that a request for a jury trial may be made." Section 48.30(2). Juries are not appointed these responsibilities; judges are.

In ascribing a meaning to a statutory term, the term is to be considered in its context within the statutory section as a whole. *General Castings Corp. v. Winstead,* 156 Wis. 2d 752, 758, 457 N.W.2d 557, 561 (Ct. App. 1990). It makes little sense to ascribe different meanings to the same word as it variously appears in a statute. *See id.* at 759, 457 N.W.2d at 561. Furthermore, sections of a statute relating to the same subject matter must be construed *in pari materia. State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). When we apply these rules of construction, we unavoidably conclude that the legislature used the word "court" to mean judge, not jury. We reject an interpretation which allows "the court" alternately to mean judge or jury because it risks absurdity. We avoid such constructions. *See Wisconsin Veterans Home v. Division of Nursing Home Forfeiture Appeals,* 104 Wis. 2d 106, 113, 310 N.W.2d 646, 649 (Ct. App. 1981).

R.H.L. then invites us to look beyond the confines of sec. 48.30, Stats., arguing that the lack of an express

grant is "of little consequence . . . because this right [to a jury determination of mental responsibility] necessarily flows from the general recognition of the right to trial by jury" found in other portions of the children's code. *See, e.g.,* secs. 48.243(1)(g) and 48.31(2), Stats. In substance, he is arguing that to adopt a more restrictive interpretation of "court" would conflict with the legislative intent to afford the jury trial option expressly made available elsewhere in ch. 48, Stats.

Even were we to accept R.H.L.'s invitation, we still would arrive at the same conclusion. While the interaction between two statutes can create ambiguity, *In re Habelman,* 145 Wis. 2d 228, 233, 426 N.W.2d 363, 366 (Ct. App. 1988), we must harmoniously construe apparently conflicting provisions so as to give effect to the statute's intent. *See State v. Fouse,* 120 Wis. 2d 471, 477, 355 N.W.2d 366, 369 (Ct. App. 1984).

However, we see no conflict here. Where the legislature intended that a jury trial be an option in the children's code, it plainly stated so. For example, sec. 48.31(4), Stats., created by the same legislative act as sec. 48.30, Stats., provides that at the fact-finding hearing on the allegations of a delinquency petition, "[t]he court or jury shall make findings of fact . . .." *See* secs. 51 and 53, ch. 354, Laws of 1977. The legislature is presumed to be aware of the different denotations and uses the distinct words according to its intent. *See In re F.T.,* 150 Wis. 2d 216, 224–25, 441 N.W.2d 322, 325 (Ct. App. 1989).

We decline both to ignore what we believe is a clear indication of legislative intent in sec. 48.30(5), Stats., and to give greater weight to "the general recognition of the right to trial by jury" R.H.L. contends is found in other portions of the children's code. The language of sec. 48.30(5) is distinct from that in related statutes

which makes express reference to a jury trial. That the right to a jury trial is specifically afforded in other statutes does not imply the same right where the words are conspicuously absent. In fact, it implies just the opposite. *See Fred Rueping Leather Co. v. City of Fond du Lac,* 99 Wis. 2d 1, 5, 298 N.W.2d 227, 230 (Ct. App. 1980).

Despite a juvenile's right to a jury trial in some instances, and despite the similarities with the adult criminal code, we conclude the legislative intent is clear that the determination of a juvenile's mental responsibility be made—as the statute states—by "the court." Desired changes in the statute should be made by the legislature, not this court.

*By the Court.*—Order affirmed.