STATE of Wisconsin, Plaintiff-Respondent,

v.

Adam J. CHARLES, Defendant-Appellant.†

Court of Appeals

*No. 93–1990–CR–FT. Submitted on briefs October 21, 1993.—Decided November 2, 1993.*

(Also reported in 509 N.W.2d 85.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Park M. Drescher* of *Drescher & Drescher* of Appleton.

For the plaintiff-respondent the cause was submitted on the brief of *Steven J. Madson*, assistant district attorney, of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. Adam Charles appeals a judgment convicting him of operating after revocation (OAR), seventh offense, criminal, sentencing him to six months in jail and imposing a $2,460 fine under Wisconsin Stat. Ann. sec. 343.44(2g)(e), Stats. (West Supp. 1993).[2] Charles contends that the trial court erred by sentencing him for OAR, seventh offense, criminal,

[1] This is a three-judge panel pursuant to the chief judge's October 28, 1993, order.

[2] This is an expedited appeal under Rule 809.17, Stats. All sec. 343.44 statute citations are to Wisconsin Stat. Ann. (West Supp. 1993).

because his six prior OAR offenses were civil offenses. We conclude that the trial court properly sentenced Charles under the enhanced penalty provisions of sec. 343.44(2g)(e) because of Charles' intervening conviction for operating under the influence of an intoxicant (OUI). We therefore affirm the judgment.

Since 1991, Charles had been convicted of OAR six times. Because the basis of each violation was Charles' failure to pay a fine or forfeiture, all six convictions were civil. During 1991, Charles was classified as an habitual traffic offender (HTO). In December 1992, Charles was convicted of OUI and his operating privileges were suspended for six months. Approximately one month later, Charles was cited for the current OAR violation. Because his prior OUI suspension was the basis of the current violation, and this was his seventh conviction within a five-year period, Charles was charged with and convicted of OAR, seventh offense criminal. The trial court sentenced Charles under sec. 343.44(2g)(e), Stats.

The dispute in this appeal concerns the interpretation and application of sec. 343.44(2g)(e), Stats. Statutory interpretation presents a question of law that this court reviews independently of the trial court's determination. *State v. Pham*, 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36. When determining legislative intent, this court first examines the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Id.* Section 343.44(2g)(e) provides in part:

[A]ny person who violates [sec. 343.44] sub. (1) while his or her operating privilege is suspended or revoked for . . . violating s. 346.63(1) or (5) or a local ordinance in conformity therewith, or violating s. 346.63(2) or (6) . . . is subject to the following penalties:

. . . .

(e) For a 5th or subsequent conviction *under this section* or a local ordinance in conformity with this section within a 5-year period, the person shall be fined not less than $2,000 nor more than $2,500 and shall be imprisoned for not less than 6 months nor more than one year in the county jail. (Emphasis added.)

We conclude that this statute is unambiguous.

Charles contends that the highlighted phrase, "under this section" means that only convictions under subsec. (2g) are counted to determine the number of prior offenses for sentencing purposes. Thus, Charles argues, he should have been sentenced for OAR, first offense criminal, under subsec. (2g)(a), because this is his first OAR violation that was criminal.

Charles' interpretation is inconsistent with the statutory scheme in sec. 343.44, Stats., and with the legislative intent evinced by the language. The phrase "under this section" also appears in sec. 343.44(2)(a)-(e), (2m) and (2r). In those subsections, "under this section" plainly refers to sec. 343.44(1), which defines OAR offenses. Interpreting the same phrase differently in subsec. (2g) to refer only to convictions under subsec. (2g) is inconsistent with the overriding statutory scheme occurring in the rest of the statute. The phrase "under this section" appears in virtually every subsection of sec. 343.44. Charles' interpretation violates the rule of statutory constructions that words or phrases

159

appearing in the same statute shall be given the same meaning. *In re R.H.L.*, 159 Wis. 2d 653, 659, 464 N.W.2d 848, 850 (Ct. App. 1990). Moreover, Charles' interpretation of "under this section" renders the other subsections in which that phrase appears nonsensical. For example, subsec. (2r) defines the five-year period "[f]or purposes of determining prior convictions *under this section*." (Emphasis added.) Because no violations are defined in subsec. (2r), there can be no convictions under subsec. (2r). We therefore conclude that the phrase "under this section," as it appears in subsec. (2g)(e), clearly and unambiguously refers to convictions for violating the prohibition against OAR in sec. 343.44(1).

Charles further asserts that the trial court, by sentencing him under subsec. (2g)(e), effectively criminalized his six prior civil convictions. Charles' argument implies that subsec. (2g) appears to create a different offense of OAR with an OUI revocation as its basis. However, such is not the case. Section 343.44(2g), Stats., merely provides a penalty enhancer for persons convicted of OAR that has as its basis an OUI revocation.[3] The penalty enhancer applies regardless of whether the prior convictions were civil or criminal, as evidenced by the fact that convictions of ordinance violations are specifically included. The statutory scheme further evinces the legislature's intent that all prior OAR convictions, whether civil or criminal, be counted for sentencing purposes, and the total number of convictions be used to determine the appropriate amount of penalty enhancement under sec.

[3] We recognize that subsec. (2g) is applicable under other circumstances; however, because they are not relevant to this appeal, we do not discuss them.

160

343.44(2g). We therefore conclude that the trial court properly sentenced Charles for OAR, seventh offense criminal, under sec. 343.44(2g)(e).

*By the Court.*—Judgment affirmed.