STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Scott E. WILLIAMS, Defendant-Appellant.†

Supreme Court

*No. 93–2517–CR. Oral argument October 6, 1995.—Decided
February 1, 1996.*

(Also reported in 544 N.W.2d 400.)

†Motion for reconsideration denied March 12, 1996.

479

For the plaintiff-respondent-petitioner the cause was argued by *Daniel J. O'Brien*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief by *James M. Shellow, Craig W. Albee* and *Shellow, Shellow & Glynn, S.C.*, Milwaukee and oral argument by *Craig W. Albee*.

DONALD W. STEINMETZ, J. This case is before the court on petition for review of a decision of the court of appeals reversing an order of the circuit court. The issue presented to this court is whether Wis. Stat. § 970.03(10) (1993-94)[1] requires the State to establish probable cause at the preliminary hearing that the defendant committed the precise felony set forth in each count of a multiple-count criminal complaint. We hold that the State need only establish probable cause that a felony occurred as to one count in a set of transactionally related counts for there to be a valid bind over on that set, and need not establish probable cause that the specific felony alleged in each count was committed.

The defendant was charged in a ten-count criminal complaint alleging various drug offenses, including the delivery, or the intent to deliver, controlled substances. Four of these counts concerned drug offenses which were allegedly committed within 1,000 feet of a park. Each one of these four counts was transactionally related to one of the other counts in the complaint in

---

[1] All future reference to Wis. Stats. will be to the 1993-94 version.

regard to time, place and persons involved. However, because of the additional element regarding the proximity to a park, the State decided to charge these offenses as separate counts under a penalty enhancer statute. *See* Wis. Stat. §§ 161.41(1) and 161.49.[2] The Honorable Bruce K. Schmidt, Winnebago County Circuit Court, who presided over the preliminary hearing, found probable cause that a felony had been committed by the defendant as to each count in the complaint, including the counts containing the penalty enhanced offenses. As such, Judge Schmidt ordered the defendant bound over for trial on each count.[3]

---

[2] Wis. Stat. §§ 161.41(1) and 161.49 provide as follows:

**161.41(1)** **Prohibited acts A — penalties. (1)** Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to: . . . .

**161.49** **Distribution of or possession with intent to deliver a controlled substance on or near certain places. (1)** If any person violates s. 161.41(1)(cm), (d), (e), (f), (g) or (h) by distributing, or violates s. 161.41(1m)(cm), (d), (e), (f), (g) or (h) by possessing with intent to deliver, a controlled substance included under s. 161.14(7)(L) or 161.16(2)(b), heroin, phencyclidine, lysergic acid diethylamide, psilocin, psilocybin, amphetamine, methamphetamine or any form of tetrahydrocannabinols while in or on the premises of a scattered-site public housing project, while in or otherwise within 1,000 feet of a state, county, city, village or town park, a jail or correctional facility, a multiunit public housing project, a swimming pool open to members of the public, a youth center or a community center, while on or otherwise within 1,000 feet of any private or public school premises or while on or otherwise within 1,000 feet of a school bus, as defined in s. 340.01(56), the maximum term of imprisonment prescribed by law for that crime may be increased by 5 years.

[3] It should be noted that there is a significant difference between the facts of this case and the facts of its companion case *State v. [John] Williams*, 198 Wis. 2d 516, 544 N.W.2d 406 (1996). In this case there are basically four transactions which

Although the State offered no evidence at the preliminary hearing supporting its allegations that any offenses occurred within 1,000 feet of a park, it filed an information containing all ten of the counts alleged in the complaint, including the four counts containing the penalty enhanced offenses. The defendant filed a motion to dismiss these four counts on the grounds that the evidence presented at the preliminary hearing did not establish probable cause that he delivered, or possessed with the intent to deliver, controlled substances within 1,000 feet of a park. This motion was denied by the Winnebago County Circuit Court, the Honorable Robert A. Hawley, who held that it was not necessary to find probable cause that the exact felony in each count had been committed for there to be a valid bind over as to that count.

The court of appeals reversed the circuit court and ordered the penalty enhanced counts in the information dismissed. *See State v. Williams*, 186 Wis. 2d 506, 520 N.W.2d 920 (Ct. App. 1994). The court of appeals concluded that Wis. Stat. § 970.03(10) requires the State to establish probable cause as to the precise fel-

---

give rise to the counts at issue. Two offenses were charged relating to each transaction. It is undisputed that the four transactions from which these counts stem are clearly *unrelated*. As such, according to the procedure set forth in *State v. [John] Williams*, it was necessary for the trial judge at the preliminary hearing to only find probable cause that a felony was committed as to one count in each set of transactionally related counts for there to be a valid bind over on that set.

The relationship between the four distinct transactions is not relevant to our opinion in this case. Instead, our decision focuses on the relationship between the two counts which stem from each of the four distinct transactions. There is no doubt that these counts *are* transactionally related.

ony in each count of a multiple-count complaint to bind over the defendant on that count. The court felt that simply establishing probable cause that the defendant committed "a felony" for each count was not sufficient according to the plain language of Wis. Stat. § 970.03(10). *See id.* at 511. Since the evidence presented at the preliminary examination did not show that the defendant intended to deliver controlled substances within 1,000 feet of a park, the court of appeals held that the four counts dependent upon this element were improperly included in the information.

This case presents a question regarding the proper interpretation of Wis. Stat. § 970.03(10). Questions of statutory interpretation are reviewed de novo by this court. The ultimate goal of statutory interpretation is to ascertain the intent of the legislature. *See Rolo v. Goers,* 174 Wis. 2d 709, 715, 497 N.W.2d 724, 726 (1993). The first step of this process is to look at the language of the statute. *See In Interest of Jamie L.,* 172 Wis. 2d 218, 225, 493 N.W.2d 56, 59 (1992). If the statute is unambiguous, this court will apply the ordinary and accepted meaning of the language of the statute to the facts before it. *See State v. Swatek,* 178 Wis. 2d 1, 5, 502 N.W.2d 909, 911 (Ct. App. 1993). It is only if the language of the statute is ambiguous that this court looks beyond the statute's language and examines the scope, history, context, subject matter and purpose of the statute. *See Rolo,* 174 Wis. 2d at 715.

The language of the statute, therefore, provides the starting point for this court's analysis. Wis. Stat. § 970.03(10) states:

> In multiple count complaints, the court shall order dismissed any count for which it finds there is

no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971.

The difficulty the circuit court and court of appeals encountered in interpreting Wis. Stat. § 970.03(10) stems from the phrase: "the court shall order dismissed any count for which it finds there is no probable cause."[4] The circuit court felt that this phrase only required the circuit court to find probable cause that a felony was committed as to each count for there to be a bind over as to that count. The court of appeals, however, held that the circuit court must find probable cause that the specific felony in each count had been committed for the bind over to be valid as to that count.

It is not difficult to see why this phrase presented problems for the courts below. The subsection begs the question: probable cause as to what? Clearly it requires probable cause as to the "count." Does the use of the word "count," however, mean the count itself or the offense contained in the count? Both the circuit court and the court of appeals' interpretations provide reasonable answers to this question. If a statute can support two reasonable interpretations, a court must find the language of the statute ambiguous. *See, e.g., Hauboldt v. Union Carbide Corp.*, 160 Wis. 2d 662, 684, 467 N.W.2d 508, 517 (1991); *Girouard v. Jackson Circuit Ct.*, 155 Wis. 2d 148, 155, 454 N.W.2d 792, 795 (1990).

---

[4] In this case, we need only address the first sentence of the subsection. The second sentence, which we also find to be ambiguous, will be construed in the companion case *State v. [John] Williams*, 198 Wis. 2d 516, 544 N.W.2d 406 (1996).

When faced with an ambiguous statute, courts should use the rules of statutory construction to help determine the intent of the legislature.[5] *See State v. Charles*, 180 Wis. 2d 155, 158, 509 N.W.2d 85, 86 (Ct. App. 1993). One such rule is that a subsection should be construed so as to support the overall purpose of the statute. *See Lukaszewicz v. Concrete Research, Inc.*, 43 Wis. 2d 335, 342, 168 N.W.2d 581, 585 (1969); *Swatek*, 178 Wis. 2d at 7. Wisconsin Statute § 970.03(1) clearly states that a preliminary hearing is required to determine "if there is probable cause to believe a felony has been committed by the defendant." This court has identified a number of purposes underlying this requirement including:

> [To protect the] defendant's due process rights and guard[s] against undue deprivations of the defendant's liberty . . . 'to prevent hasty, malicious, improvident and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based.'

*See State v. Richer*, 174 Wis. 2d 231, 240-41, 496 N.W.2d 66, 68-69 (1993). In *Richer* we held that these

---

[5] Courts should also look to the legislative history of the statute to determine the legislature's intent. Although there is some legislative history concerning Wis. Stat. § 970.03(10), it is unfortunately not helpful in answering the specific question before this court. It is, however, comprehensively addressed in the companion case of *State v. [John] Williams*, 198 Wis. 2d 516, 544 N.W.2d 406 (1996).

purposes are met if "all charges included in the information . . . [are] . . . transactionally related to charges which are themselves supported by evidence adduced at the preliminary hearing . . . ." *See id.* at 247. Or in other words, this test is met if the counts included in the information are not "wholly unrelated" to those for which the defendant is bound over. *See id.* at 238. In *State v. Burke*, 153 Wis. 2d 445, 455, 451 N.W.2d 739, 744 (1990), this court listed seven factors for determining whether the counts in the information are "wholly unrelated." These include: "the parties involved, [the] witnesses involved, geographical proximity, time, physical evidence, motive and intent." *Id.*

Any interpretation of Wis. Stat. § 970.03(10) must coincide with the purposes of the preliminary hearing as construed by *Richer* and *Burke*.[6] The circuit court's decision, that a circuit court judge must only find probable cause that a felony occurred rather than finding probable cause that the specific felony alleged occurred, clearly preserves the "transactionally related" test of *Richer* in all circumstances.

The court of appeals' decision, however, impermissibly goes beyond this requirement of *Richer* and conflicts with our holding in *Burke*. In *Burke*, we stated that a circuit court should:

---

[6]*State v. Burke*, 153 Wis. 2d 445, 451 N.W.2d 739 (1990) and *State v. Richer*, 174 Wis. 2d 231, 496 N.W.2d 66 (1993) involve single count complaints and only discuss the interpretation of Wis. Stat. § 970.03(7). However, their holdings regarding the purposes of the preliminary hearing and the role which should be played by the trial judge overseeing the hearing are equally applicable to multiple count complaints.

[D]etermine whether on the basis of the transactions or facts considered or testified to at the preliminary examination 'there is probable cause to believe *a* felony has been committed by the defendant.' The statute does not require the circuit court to state the specific felony it believes the defendant committed, nor does it limit the circuit court to considering only whether the defendant probably committed the specific felony charged in the complaint.

*Burke*, 153 Wis. 2d at 456. A circuit court judge's sole obligation, at the preliminary hearing, is to determine whether there is probable cause that some felony has been committed by the defendant. *See id. See also Bailey v. State*, 65 Wis. 2d 331, 341, 222 N.W.2d 871, 876 (1974). Once the circuit court does this for each count in a complaint, it is then the responsibility of the district attorney to prepare the information,[7] subject only to an abuse of discretion review under the "transactionally related" standard of *Richer. See Burke*, 153 Wis. 2d at 456. This is where the court of appeals erred. Its interpretation expands the requirements of *Burke* and

---

[7] Wis. Stat. § 971.01 provides as follows:

**971.01 Filing of the information. (1)** The district attorney shall examine all facts and circumstances connected with any preliminary examination touching the commission of any crime if the defendant has been bound over for trial and, subject to s. 970.03 (10), shall file an information according to the evidence on such examination subscribing his or her name thereto.

**(2)** The information shall be filed with the clerk within 30 days after the completion of the preliminary examination or waiver thereof except that the district attorney may move the court wherein the information is to be filed for an order extending the period for filing such information for cause. Notice of such motion shall be given the defendant. Failure to file the information within such time shall entitle the defendant to have the action dismissed without prejudice.

*Richer*, thereby interfering with the long-protected independence of the district attorney's prosecutorial power and its autonomy as a quasi-judicial officer. *See State v. Hooper*, 101 Wis. 2d 517, 531, 305 N.W.2d 110, 117 (1981). *Application of Bentine*, 181 Wis. 579, 587, 196 N.W. 213, 216 (1923); *Unnamed Petitioner v. Walworth Circuit Ct.*, 157 Wis. 2d 157, 160, 458 N.W.2d 575, 567 (Ct. App. 1990). The court of appeals presented no argument why such an expansion is necessary, and we are not inclined to take such a step without significant reason.

■■■■■

The circuit court's interpretation is further supported by another basic rule of statutory construction: the language of one subsection should be construed so as to be consistent with identical language in other subsections of the same statute. *See Charles*, 180 Wis. 2d at 159-60; *In re R.H.L.*, 159 Wis. 2d 653, 659, 464 N.W.2d 848, 850 (Ct. App. 1990); *General Castings Corp. v. Winstead*, 156 Wis. 2d 752, 758, 457 N.W.2d 557, 561 (Ct. App. 1990). When Wis. Stat. § 970.03(10) refers to "probable cause," it is presumably referring to the same "probable cause" standard that appears throughout the rest of Wis. Stat. § 970.03. *See* Wis. Stat. § 970.03(1), (7). If these subsections are interpreted so as to be consistent with each other, it becomes apparent that multiple-count complaints should be treated the same as single count complaints: the state must establish probable cause that a felony occurred as to one count in a set of transactionally related counts for there to be a valid bind over on that set. *See State v. [John] Williams*, 198 Wis. 2d at 535-36. This is true whether the complaint contains one set of transactionally related counts or one hundred. Again, this interpretation does not require the state to establish

probable cause as to the precise felony alleged in each count.

Finally, interpretations which lead to absurd or unreasonable results should be avoided. *State v. Peete*, 185 Wis. 2d 4, 17, 517 N.W.2d 149, 153 (1994); *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). Courts should not normally construe statutes so as to create an anomaly in criminal procedure. *See State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346 (1980). The court of appeals openly concedes that its decision may bring about "questionable results" and make Wis. Stat. § 970.03(10) "look silly." *See Williams*, 186 Wis. 2d at 513. It is correct in these findings. As the court of appeals itself recognized, its interpretation "imposes a different set of preliminary hearing rules and procedures for single count criminal complaints as opposed to multiple count complaints." *See id.* If we would adopt the court of appeals' interpretation, prosecutors would simply charge each count in a multiple count complaint in separate single count complaints and avoid the use of the multiple count complaint entirely. This, as the court of appeals acknowledged, would functionally render sub. (10) meaningless. *See id.* We decline to impose this type of artifice on the criminal procedure of this state.

It is undisputed that the State showed probable cause that a felony had been committed as to each one of the counts in the complaint. The circuit court rightfully disregarded the fact that the State failed to prove the penalty enhancing element when the court made its bind over decision.[8] Since each offense charged in

---

[8] The law treats the penalty enhancers as an "element" of the crime which must be proven by the state beyond a reasona-

the information was transactionally related to a felony for which probable cause was found at the preliminary hearing, the prosecutor properly exercised his broad charging discretion by including all ten counts in the information. *See Richer*, 174 Wis. 2d at 244-47, 250-51, 253-54; *Burke*, 153 Wis. 2d at 451-58.

In *State v. Koch*, 175 Wis. 2d 684, 704, 499 N.W.2d 152, 162 (1993), we discussed the meaning of probable cause in the context of a preliminary hearing and the standard under which appellate courts should review bind over decisions. We stated:

> The probable cause that is required for a bindover is greater than that required for arrest, but guilt beyond a reasonable doubt need not be proven. *State v. Berby*, 81 Wis. 2d 677, 683, 260 N.W.2d 798 (1978). A preliminary hearing is not a preliminary trial or evidentiary trial on the issue of guilt beyond a reasonable doubt. *State v. Dunn*, 121 Wis. 2d 389, 396, 359 N.W.2d 151 (1984). The role of the judge at a preliminary hearing is to determine whether the facts and reasonable inferences that may be drawn from them support the conclusion that the defendant probably committed a felony. The judge is not to choose between conflicting facts or inferences, or weigh the state's evidence against evidence favorable to the defendant. Probable cause at a preliminary hearing is satisfied when there exists a believable or plausible account of the defendant's commission of a felony. *Id.* 121 Wis. 2d at 397-98, *State v. Cornelius*, 152 Wis. 2d 272, 276, 448 N.W.2d 434 (Ct. App. 1989).

---

ble doubt at trial. *See generally State v. Peete*, 185 Wis. 2d 4, 20-21, 517 N.W.2d 149, 155 (1994). What must be proven at trial, however, has little to do with the procedures governing the preliminary hearing.

On review, this court will search the record for any substantial ground based on competent evidence to support the circuit court's bindover decision. *State v. Sorenson*, 143 Wis. 2d 226, 251, 421 N.W.2d 77 (1988).

Very little "searching" is required here. The evidence presented at the preliminary examination clearly supports a finding of probable cause that a felony had been committed as to each count in the multiple-count complaint. Furthermore, the offenses alleged in the information were all transactionally related to this evidence. This is all that Wis. Stat. § 970.03(10) requires.

*By the Court.*—The decision of the court of appeals is reversed.

WILLIAM A. BABLITCH, J. (*concurring*). For the reasons stated in the concurrence to *State v. John T. Williams*, 198 Wis. 2d 516, 544 N.W.2d 406 (1996), I concur.

I am authorized to state that Justices Shirley S. Abrahamson and Ann Walsh Bradley join in this concurrence.