STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

John T. WILLIAMS, Defendant-Appellant.

Supreme Court

*No. 93–2444–CR. Submitted on briefs October 6, 1995.—Decided February 1, 1996.*

(Also reported in 544 N.W.2d 406.)

For the plaintiff-respondent-petitioner the cause was submitted on the briefs of *Maureen McGlynn Flanagan*, assistant attorney general and *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief by *Gregory J. Meeker* and *Relles, Meeker & Borns*, Madison.

JANINE P. GESKE, J. This is a review of the decision of the court of appeals in *State v. [John] Williams*, 190 Wis. 2d 1, 527 N.W.2d 338 (Ct. App. 1994), which reversed the judgment of conviction entered by Dane County Circuit Court Judge Robert A. DeChambeau against defendant John T. Williams on one count of first-degree recklessly endangering safety, Wis. Stat. § 941.30(1) (1989-1990). The primary issue

as presented by the parties is whether, when bind over is denied at preliminary hearing on one of two related felony counts in a multiple count complaint, the district attorney may include in the subsequent information the same charge that was dismissed or its greater-included offense. We hold that any charge may be included in an information as long as it is transactionally related to a count on which bind over was ordered. Further, we will not reach the second issue raised because defense counsel did not make an offer of proof concerning the alleged erroneous evidentiary ruling. We reverse the court of appeals and affirm the judgment of conviction and order denying post-conviction relief entered by the circuit court.

█

The circuit court correctly concluded that the district attorney had the authority to include the charge of first-degree reckless injury in the information because it was not wholly unrelated to the charge of aggravated battery on which Williams was bound over. Further, we conclude that when two or more transactionally related counts are charged, in that the counts "arose from a common nucleus of facts," *State v. Richer*, 174 Wis. 2d 231, 246, 496 N.W.2d 66 (1993), and probable cause is found that a felony was committed in relation to one count, then bind over is required on all transactionally related counts.

### FACTS

On November 11, 1991, a criminal complaint containing three counts was filed against Williams. The first count alleged that Williams had committed aggravated battery, in an incident that occurred on November 4, 1991, when he struck Seri K. Storlid-Harris in the face. The second and third counts, aggravated

522

battery and second-degree recklessly endangering safety, contrary to Wis. Stat. §§ 940.19(1m) and 941.30(2), respectively, related to a separate event that occurred on November 5, 1991, at a different location in which Williams struck George Buie in the face with a large rock.

Court Commissioner Todd E. Meurer conducted a preliminary hearing in this case on December 18, 1991. The court found that ample evidence had been presented to support a finding of probable cause that Williams committed a felony in relation to the attack on Storlid-Harris and therefore bind over was ordered on Count I. Buie testified at the preliminary hearing as to the circumstances surrounding the confrontation between Williams and himself and as to the extent of his injuries. The court concluded that the State had met its burden on Count II and bound Williams over on that count but declined to bind over on Count III based on "problems" it had with the testimony given by Buie.

The information filed on December 23, 1991, contained the original Counts I and II and a new Count III, based on the incident involving Buie, charging Williams with first-degree reckless injury contrary to Wis. Stat. § 940.23(1). The court granted Williams' motion to sever Count I from the other two counts.[1] Additionally, Williams moved to dismiss Count III-i asserting

---

[1] The resolution of Count I is not relevant to the issues raised in this appeal and because it was severed it will not be discussed further. For clarity's sake, however, the charges resulting from Buie's injuries will be referred to throughout this opinion as Counts II, III-c (the count of second-degree recklessly endangering safety originally included in the criminal complaint), and III-i (the count contained in the information of first-degree reckless injury).

that Wis. Stat. § 970.03(10)[2] bars the inclusion in an information of any new count arising from the same facts as a count specifically dismissed at the preliminary hearing. The court denied this motion finding that Count III-i was properly included because it was reasonably related to the evidence adduced at the preliminary hearing regarding Count II (aggravated battery of Buie) on which the commissioner had ordered bind over.

The case was tried to a jury and while Williams was acquitted of aggravated battery (Count II), he was found guilty of first-degree recklessly endangering safety which the court had submitted to the jury as a lesser-included offense of first-degree reckless injury (Count III-i). In a post-conviction motion, Williams renewed his challenge to the propriety of Count III-i and the circuit court again denied his motion on the basis that the charge of first-degree reckless injury was not improper because it was "not wholly unrelated" to Count II.

The court of appeals reversed the conviction and order denying post-conviction relief on the basis that § 970.03(10) unambiguously requires that "[a]ny new charge that arises out of facts relied upon to dismiss a count may not be included in an Information . . . ." *[John] Williams*, 190 Wis. 2d at 7. This court subsequently accepted the State's petition for review on the issue of the proper interpretation of subsection (10). We also agreed to address Williams' claim that the circuit

---

[2] Section 970.03(10) provides:

In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

524

court's restriction of cross-examination during trial constituted reversible error.

## *Issue 1*

Resolution of this case requires us to interpret Wis. Stat. § 970.03(10) which reads:

> In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

We begin this analysis by reiterating a point that has been made in several of our previous cases; there is no constitutional right to a preliminary examination, it is purely a statutory creation. *See State ex rel. Funmaker v. Klamm*, 106 Wis. 2d 624, 633, 317 N.W.2d 458 (1982); *State ex rel. Klinkiewicz v. Duffy*, 35 Wis. 2d 369, 373, 151 N.W.2d 63 (1967).

Statutory interpretation presents a question of law which this court reviews without deference to the decisions of the courts below. *Richer*, 174 Wis. 2d at 238-9. If the plain language of a statute is unambiguous a court must give it effect and can look no further. *See In Interest of J.A.L.*, 162 Wis. 2d 940, 962, 471 N.W.2d 493 (1991). However, as the Supreme Court has noted, "plain meaning, like beauty, is sometimes in the eye of the beholder." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 737 (1985). If ambiguity is found, a court should examine the scope, history, context, subject matter, and object of the statute in order to divine legislative intent. *State v. Waalen*, 130 Wis. 2d 18, 24,

386 N.W.2d 47 (1986). Ambiguity occurs when reasonably well-informed persons can understand a statute in more than one way. *State v. Moore*, 167 Wis. 2d 491, 496, 481 N.W.2d 633 (1992).

We conclude that § 970.03(10) is ambiguous. The circuit court and the State understood subsection (10) to bar reissuance only of the identical charge dismissed at a preliminary hearing. The court of appeals agreed with Williams that the State cannot rely on the facts surrounding a dismissed count as the basis for any new count in a subsequent information. We find the statute susceptible to yet a third interpretation of the second sentence which results in an unworkable anomaly. If the broad transactional interpretation advanced by the defendant and court of appeals were applied literally to the language of the statute, one would be faced with the absurd result that the dismissed count is controlling, such that a count for which bind over was determined proper could not be included in an information if it arose from the same facts as a count that was dismissed.[3] For example, if this interpretation were applied to Williams' case, even though the examining judge[4] found probable cause as to Count II, neither count could appear in the information because Count III-c was dismissed and both counts arose from the same facts.

---

[3] The court of appeals apparently attempted to avoid this anomaly by adding the word "new" to the statute it found unambiguous.

[4] We recognize that, pursuant to Wis. Stat. §§ 967.09 and 757.69(1)(b), a full-time court commissioner may also preside over a preliminary hearing, as was the case in this instance.

■ The primary goal of statutory construction is to ascertain and give effect to legislative intent. *State v. Olson*, 175 Wis. 2d 628, 633, 498 N.W.2d 661 (1993). Subsections of a statute must be interpreted in a manner consistent with the purpose of the statute as a whole. *See State v. Swatek*, 178 Wis. 2d 1, 6-7, 502 N.W.2d 909 (Ct. App. 1993). "A statute should be construed to give effect to its leading idea, and the entire statute should be brought into harmony with the statute's purpose." *State v. Clausen*, 105 Wis. 2d 231, 244, 313 N.W.2d 819 (1982).

■ Chapter 970 expressly defines the purpose of preliminary hearings: "[a] preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant." § 970.03(1). This court has often stated that the primary purpose of preliminary examination is "to protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty." *Bailey v. State*, 65 Wis. 2d 331, 344, 222 N.W.2d 871 (1974) (quoting *Whitty v. State*, 34 Wis. 2d 278, 287, 149 N.W.2d 557 (1967), *cert. denied* in *Whitty v. Wisconsin*, 390 U.S. 959 (1968), quoting *Johns v. State*, 14 Wis. 2d 119, 122, 109 N.W.2d 490 (1961)). We have also held that upon determination that bind over is warranted **on at least one count**, that purpose has been served. *Bailey*, 65 Wis. 2d at 341. Here, the purpose of the preliminary hearing was satisfied upon the commissioner's finding of probable cause to believe that Williams had committed a felony in connection with the attack on Buie.

Our holding today comports with long-standing precedent that recognizes the prosecutor's authority, once a defendant is bound over, to include additional charges in the information "so long as they are not wholly unrelated to the transactions or facts considered or testified to at the preliminary." *Bailey*, 65 Wis. 2d at 341 (quoting *State v. Fish*, 20 Wis. 2d 431, 438, 122 N.W.2d 381 (1963)); *see also State v. Burke*, 153 Wis. 2d 445, 457, 451 N.W.2d 739 (1990); *Richer*, 174 Wis. 2d at 253. In *Bailey*, the defendant was bound over following a preliminary hearing on one count of first-degree murder. The subsequent information contained an additional three counts (indecent behavior with a child, enticement of a child for immoral purposes and attempted enticement of a child for immoral purposes). The defendant challenged the court's jurisdiction to try him on the additional counts based on the assertion that no evidence was introduced at the preliminary hearing to support the sex-related charges. This court found that, even assuming no evidence had been presented at the preliminary hearing on the sex-related offenses, they were clearly "not wholly unrelated" to the murder and that, in fact, ample evidence had been presented as to the additional counts. *Bailey*, 65 Wis. 2d at 341, 343. We held that Bailey was properly tried on all four counts.

The authority of the district attorney to include additional transactionally related counts in an information was further strengthened in *Burke*, in which this court pointed to prior cases, including *Bailey*, that held "that in a multiple-offense transaction case, once the defendant has been bound over for trial on at least one count relating to the transaction, the prosecutor may in the information charge additional counts not wholly unrelated." *Burke*, 153 Wis. 2d at 453. Burke

was originally charged in a multi-count complaint but prior to preliminary hearing the State moved to dismiss all but one count of second-degree sexual assault. We concluded that inclusion in the ensuing information of four additional counts of sexual assault, on which no direct evidence had been received, was permissible because they were not wholly unrelated to the transactions or facts testified to at preliminary. *Id.* at 457.

In *Richer*, we noted that our decisions expanding the authority of the district attorney to include any counts that exhibit such a "transactional nexus" were "indicative of this court's continuing efforts to further the underlying legislative and constitutional goals of the preliminary hearing while also affording prosecutors increasing flexibility in their charging decisions." *Richer*, 174 Wis. 2d at 246. Richer was charged with one count of delivery of a controlled substance involving an incident alleged to have occurred on November 21, 1990. Testimony at the preliminary hearing was limited to that incident and resulted in a finding of probable cause sufficient for bind over. The information subsequently filed by the State included an additional count charging delivery of a controlled substance on November 30, 1990. *Id.* at 237.

In concluding that the second count could not properly be added to the information, we discussed the stated objectives of preliminary examinations reiterated above and noted that the "proceeding must also be adequate to fulfill the defendant's constitutional right to know the nature and cause of the charges against which he must defend." *Richer*, 174 Wis. 2d at 242. The "state must assume the burden of establishing the transactional link between the charges before including additional counts in the information not otherwise

supported by independent fact finding at the preliminary hearing . . . ." *Id.* at 249. Because there was no basis within the confines of the evidence presented at the preliminary hearing to support the second count or to link it to the first, we concluded that the count alleging delivery on November 30, 1990, was properly dismissed.[5] *Id.* at 236-37.

In the case before us now, the purposes of a preliminary hearing and the protections it must provide have been well-served by the inclusion in the information of the count of first-degree reckless injury. There was sufficient evidence presented to establish probable cause that a felony had been committed by Williams in the context of the attack on Buie to justify restricting Williams' liberty and proceeding with a prosecution against him. Williams was put on notice and had ample opportunity to prepare his defense to charges stemming from that incident.

We previously addressed the sparse commentary on the legislative history surrounding the creation of subsection (10) in *Bailey*. There, as here, we rejected the defendant's contention that the language of subsection (10) limits the prosecutor's authority to charge additional, related counts in an information following bind over. *Bailey*, 65 Wis. 2d at 340. Bailey's argument was based on the following Judicial Council explanatory note:

> Sub. (10) is a new provision requiring a finding of probable cause as to each count in a multiple count complaint. If such a finding is not made as to any count, it shall be dismissed. This reverses the

---

[5] As the test we enunciate today should make clear, the evidence supporting a count charged in the information must be transactionally related to a count on which there has been a valid bind over.

rule in *Hobbins v. State*, 214 Wis. 496, 253 N.W. 570 [1934].

§ 63, ch. 255, Laws of 1969, at 637. In *Bailey*, we explained that the statutory language in subsection (10) and the comment "are directed at the holding of the [*Hobbins'*] court which permitted the trial court to assume jurisdiction over and try counts which had been included in the criminal complaint but were specifically dismissed by the presiding magistrate at the preliminary hearing." *Id.* at 341 (citing *Hobbins*, 214 Wis. at 508-510).

A review of *Hobbins* indicates that our holding today does not conflict with the above language in *Bailey*. The original complaint filed against Mr. Hobbins, a bank president, contained 35 counts but he was bound over on only 16 of these. On appeal, Hobbins argued that he was improperly convicted on Counts I and II because they were among those that had been dismissed at the preliminary examination. *Hobbins*, 214 Wis. at 508. The court noted that the manner in which the appeal was presented generated confusion but still found that, even though it appeared that the dismissed and recharged counts stemmed from incidents occurring on separate dates than those for which bind over was determined proper, the magistrate's opinion placed no restrictions on the district attorney in the filing of the ensuing information. *Id.* at 509-510. We conclude that the "rule of *Hobbins*" that is reversed by subsection (10) is that which allowed the court to "resurrect" counts that were transactionally unrelated to any for which probable cause had been found sufficient to justify bind over.

In a multi-count complaint, a transactionally distinct count (i.e. one which is not transactionally related

to any others in the complaint) that is found lacking in probable cause and therefore dismissed may not be recharged nor may any charges arising from that same incident be included in a subsequent information even if other transactionally distinct counts do pass the muster of preliminary examination resulting in a valid bind over. This rule is completely consistent with existing practice and precedent involving single count complaints. In fact, this is the only reading of subsection (10) that does not produce "questionable results" and make the law look "silly," as does the court of appeals' interpretation by its own acknowledgment. *[John] Williams*, 190 Wis. 2d at 10; *State v. [Scott] Williams*, 186 Wis. 2d 506, 513, 520 N.W.2d 920 (Ct. App. 1994).[6]

A statute should be construed so as to avoid absurd results. *State v. Peete*, 185 Wis. 2d 4, 17, 517 N.W.2d 149 (1994). Further, there must be a strong showing of legislative intent before we will construe a statute in a manner that would create an anomaly in criminal procedure. *See State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346 (1980). The court of appeals in this case concluded that subsection (10) was unambiguously susceptible to only one reasonable interpretation, i.e.

---

[6] The court of appeals in *State v. [Scott] Williams*, 186 Wis. 2d 506, 507, 520 N.W.2d 920 (Ct. App. 1994), interpreted subsection (10) to require a finding of probable cause as to "the particular" felony charged. In the companion opinion released today, *State v. [Scott] Williams*, 198 Wis. 2d 479, 544; N.W.2d 400 (1996), we reverse the court of appeals and conclude that the State "need only establish probable cause that a felony occurred as to one count in a set of transactionally related counts for a valid bind over on that set." *[Scott] Williams*, 198 Wis. 2d at 483.

that the prosecutor was barred from relying "on the facts presented at the preliminary hearing with regard to the dismissed charge to form the basis of a new charge in an Information." *[John] Williams*, 190 Wis. 2d at 7. In concluding that Count III-i therefore could not be added to the information it rejected the cases relied upon by the State that articulated the rule that district attorneys may include any not wholly unrelated count in an information (*Bailey*, 65 Wis. 2d at 341; *Burke*, 153 Wis. 2d at 457; *Richer*, 174 Wis. 2d at 253) because these cases had all been heard in preliminary examination as single count complaints. The court of appeals thus determined that although "it might not be sound law to distinguish between single- and multiple-count complaints," the statute demanded the two be treated differently. *[John] Williams*, 190 Wis. 2d at 10. On this point we agree with the court of appeals. It is not sound law to make such a distinction thereby creating an anomalous procedure and, in this opinion, we hope to make it clear that single and multiple count complaints are to receive the same procedural treatment.

The defendant, circuit court, court of appeals and the State all framed the essential inquiry as one of whether the district attorney had the discretion to include Count III-i in the information. In reaching their disparate conclusions, all of them focused on the second sentence of subsection (10)—"The facts arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971." We conclude that the question posed here requires this court to back up one step in the analysis—the real issue is whether Count III-c was properly dismissed at the preliminary hearing pursuant to the first sentence of subsection (10)—"In multiple count

complaints, the court shall order dismissed any count for which it finds there is no probable cause."

■■■■

"The true meaning of a single section of a statute . . . , however precise its language, cannot be ascertained if it be considered apart from related sections . . . ." *Commissioner of Internal Revenue v. Engle*, 464 U.S. 206, 223 (1984). Further, this court may insert words into a statute that are necessary or reasonably inferable. *State v. Gould*, 56 Wis. 2d 808, 812, 202 N.W.2d 903 (1973).[7] After applying the rules of statutory construction discussed within this opinion, we conclude that clarity necessitates that the following language from subsection (7) ("to believe a felony has been committed by the defendant") must be added to the end of the first sentence of subsection (10). The first sentence of the statute should now be read as, "In multiple count complaints, the court shall order dismissed any count for which it finds there is not probable cause **to believe a felony has been committed by the defendant**." Further, this inserted language is to be interpreted in multiple count complaints exactly as it has been in single count complaints.

---

[7] In *State v. Gould*, 56 Wis. 2d 808, 812, 202 N.W. 2d 903 (1973), this court found ambiguity and conflict in the language of the then-existing version of the aggravated battery statute ("Whoever intentionally causes great bodily harm to another by an act done with intent to cause bodily harm to that person or another . . . ." Wis. Stat. § 940.22 (1971-1972)). To resolve the situation, this court held that, "the word 'great' should be inserted before the second 'bodily harm' therein as reasonably inferable and to avoid conflicting provisions and an absurd result." *Gould*, 56 Wis. 2d at 812.

We suggest the following procedure be employed at preliminary examinations on multi-count complaints and illustrate it using the present case as an example:

(1) The examining judge shall examine the counts in the criminal complaint and the factual bases stated therein to determine which counts are transactionally related in that they arose from a common nucleus of facts or, in other words, which counts are "related in terms of parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent," *Bailey v. State,* 65 Wis. 2d 331, 341, 222 N.W.2d 871 (1974);

Here, Count I stood alone as the only count related to the attack on Storlid-Harris while Counts II and III-c were clearly transactionally related because they involved the same participants and witnesses, occurred at the same time and place, relied on the same physical evidence and allegedly arose from the same motive;

(2) In a review of transactionally related counts, after presentation of all of the evidence at the preliminary hearing, if the examining judge finds there is probable cause to believe that a felony was committed, there is necessarily probable cause as to all counts that are transactionally related and the defendant shall be bound over on all those counts;

The court found that there was probable cause that Williams had committed a felony in relation to the attack on Buie when it bound Williams over on Count II. Therefore, the court should have also bound Williams over on the transactionally related Count III-c as well.

(3) Conversely, if no probable cause is found that a felony was committed in conjunction with review of counts that are transactionally related, the examining judge shall dismiss all those counts

and the district attorney may not include in the information those counts or any additional counts arising from that common nucleus of facts.

Again, Williams' case provides a clear example—if the examining judge had determined that there was no probable cause to support the count involving the attack on Storlid-Harris he would have been compelled to dismiss it and the district attorney would have been barred from including any counts stemming from that incident in a subsequent information.

We have previously stated that the proper role of a judge at preliminary examination is to determine if there is **a plausible** account that the defendant committed a felony. And further, that "[t]he court cannot delve into the credibility of a witness." *State v. Dunn*, 121 Wis. 2d 389, 397-98, 359 N.W.2d 151 (1984). The examining judge in this case went beyond what is expected and what is proper in a preliminary examination when he dismissed Count III-c because he had "problems" with Buie's testimony. The court obviously found Buie's testimony plausible enough to believe probable cause existed that Williams had committed a felony in connection with the encounter between the two men because it bound him over on Count II. The inquiry—and commentary—should have ended there.

In summary, when counts are transactionally related, the purpose of the preliminary is served once it has been established that there is probable cause to believe the defendant has committed **a** felony. Each of the particular felonies charged need not be proved. It is not necessary and, in fact, is inadvisable for the court to opine as to exactly what felony was probably com-

mitted.[8] Counts arising from a common nucleus of facts will necessarily either be supported by probable cause sufficient to justify bind over on all or will all be dismissed. The evidence adduced at preliminary hearing concerning any dismissed count **that is not transactionally related** to a count for which bind over was deemed proper may not form the basis for any count in the ensuing information.[9] We reiterate, however, that the State may include any count in an information as long as it is transactionally related to a count on which the defendant is bound over. The challenged language in subsection (10) merely restricts the district attorney from bringing charges in an information based on dismissed counts that are transactionally distinct from any counts for which bind over was deemed appropriate.

## Issue 2

Williams argues that the court committed prejudicial error during trial by restricting cross-examination of the victim/witness Buie as to prior inconsistent statements made to the defendant's private investigator. The court sustained the State's objection to this

---

[8] We stress that the purpose of preliminary examinations is not served by placing restrictions on the district attorney's "quasi-judicial" role in determining what charges are ultimately appropriate. We stand by our previous observation that "the prosecuting attorney is not limited to the opinion of the preliminary hearing judge as to the crime or crimes to be charged in the information." *State v. Hooper*, 101 Wis. 2d 517, 536, 305 N.W.2d 110 (1981).

[9] Whether such a count was single or part of a multiple count complaint, it may only be recharged in a separate criminal complaint if the district attorney has or discovers additional evidence. Wis. Stat. § 970.04.

line of questioning because it found that Williams' failure to turn over the relevant notes constituted a violation of discovery under Wis. Stat. § 971.24.

Rulings excluding evidence may not be found erroneous unless "the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked." Wis. Stat. § 901.03(1)(b). "When a claim of error is based upon the erroneous exclusion of evidence, 'an offer of proof must be made in the trial court as a condition precedent to the review of any alleged error.' " *State v. Hoffman*, 106 Wis. 2d 185, 217-18, 316 N.W.2d 143 (Ct. App. 1982) (quoting *McClelland v. State*, 84 Wis. 2d 145, 153, 267 N.W.2d 843 (1978)). Williams made no offer of proof as to the contents of these notes and the record otherwise contains no indication of the nature of the inconsistent statements that Williams claims Buie made to the private investigator. Thus, we will not reach the merits of this claim of error.

We therefore reverse the court of appeals and affirm the judgment and order entered by the circuit court.

*By the Court.*—The decision of the court of appeals is reversed.

WILLIAM A. BABLITCH, J. (*concurring*). The majority in the trilogy of cases decided today, *State v. John T. Williams*, 198 Wis. 2d 516, 544 N.W.2d 406 (1996); *State v. Terry Akins*, 198 Wis. 2d 495, 544 N.W.2d 392 (1996); and *State v. Scott E. Williams*, 198 Wis. 2d 479, 544 N.W.2d 400 (1996), puts forth a highly commendable effort to reconcile the nearly irreconcilable. In these efforts, the majority is forced to wrestle

with the language of two specific statutes which on their face seem to contradict their conclusions.

Wisconsin Stat. § 971.01(1) states in relevant part: "The district attorney shall examine all facts and circumstances connected with any preliminary examination . . . and . . . shall file an information according to the *evidence* on such examination . . . ." (Emphasis added.) In *Scott E. Williams*, absolutely no evidence was introduced regarding whether these drug offenses occurred within 1000 feet of a school yet the majority allows those four counts to stand.

Wisconsin Stat. § 970.03(10), involving multiple count complaints, provides in relevant part: "The facts arising out of any count ordered dismissed *shall not* be the basis for a count in any information . . . ." In *John T. Williams*, the facts arising out of the count dismissed at the preliminary are the exact same facts which are the basis for count three of the information. The majority's interpretation changes a proscription of authority ("shall not") into a grant of authority. It is undisputed that the facts arising out of count three in the complaint which was dismissed are the basis for count three in the information. In *Akins*, a challenge to equal protection is avoided only by utilizing the same interpretation.

Consistency in the interpretation of these statutes, and other statutes such as Wis. Stat. § 970.04, is achieved in a far less tortuous manner by simply requiring a factual basis in the preliminary examination for each crime charged in the information. This was the course urged on the court in the dissent filed by Justice Abrahamson in *State v. Burke*, 153 W. 2d 445, 451 N.W.2d 739 (1990), in which I joined. The reasons expressed in that dissent are as valid today as they were then. *Burke* is the underpinning of each of these

cases. Without *Burke*, each would fall. Given the choice, I would overrule *Burke*. However, the majority refuses to do so. Thus, *Burke* remains the law today. Because it is the law, I concur.

I write only to express a deep concern. I fear we have not heard the end of the problems that have consistently come before this court since *Burke*. For example, this trilogy of cases and its progeny will allow the State to charge a defendant with second-degree recklessly endangering safety, put in evidence at the preliminary to show probable cause as to that charge, and then charge the defendant in the information with sexual assault, kidnapping, and attempted murder. These cases will allow this type of charging as long as the additional charges are transactionally related to a count on which the defendant was bound over. Any criminal justice system so utterly replete with plea bargaining (as is ours) that allows this type of charging to occur is clearly subject to abuse. Extraordinary power has been placed in the hands of the district attorney with these decisions. In the present day atmosphere where plea bargaining is the rule rather than the exception, the state holds all the levers; the defendant can be coerced into a plea beyond the bounds of fairness.

That this is true is due in no small part to another facet of these cases: judicial review of the state's final charging decision has for all intents and purposes been abolished. The only judicial review is confined to the question of whether the additional charges are wholly unrelated in terms of the parties involved, witnesses involved, geographical proximity, time, physical evidence, motive and intent. *Burke*, 153 Wis. 2d at 457. There is no judicial review as to whether any evidence

even exists to believe the defendant is guilty of the additional crimes charged.

As a former district attorney, this writer can attest to the power that rests with the decision to charge. No one can deny it. But it can be abused, intentionally or unintentionally. The State should not resent judicial review of its charging decisions, it should welcome it. It serves as a check on human fallibilities, on the pressures of an overcrowded calendar, on the pressures emanating from outside forces. It may be inconvenient, but checks and balances are frequently inconvenient, particularly on the person or the institution being checked and balanced.

Unquestionably, the system now set in place by these cases is efficient. But efficiency should never yield to basic notions of fairness. Efficiency is hardly the only sought after objective in a democratic society.

I am authorized to state that Justices Shirley S. Abrahamson and Ann Walsh Bradley join in this concurrence.