Ralph E. Beecher, Plaintiff-Appellant,

v.

Labor & Industry Review Commission, Outokumpu Copper Kenosha, Inc. and Fremont Indemnity Co., Insurer, c/o Casualty Insurance, Defendants-Respondents-Petitioners.

Supreme Court

*No. 02–1582. Decided October 29, 2004.*

2004 WI 131

(Also reported in 688 N.W.2d 654.)

¶ 1. PER CURIAM. The motion for reconsideration is denied without costs.

¶ 2. LOUIS B. BUTLER, JR., J., did not participate.

¶ 3. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). The Labor and Industry Review Commission (LIRC) does not ask the court to change its mandate. It asks the court to reconsider that part of its opinion holding that judicial review of the agency decision is de novo. In the alternative LIRC seeks an opportunity to brief the matter of the appropriate standard of review.

21

¶ 4. Although the standard of review was briefed, neither party had the opportunity to brief the novel standard of review the majority opinion adopted. Once again the court bases its opinion on a matter not raised or argued by the parties and fails to give the parties a chance to be heard. This failure of the appellate process goes directly to our institutional integrity, contravenes our adversarial system, and increases the likelihood that the court will err. See also my dissent in the reconsideration of *Maurin v. Hall,* 2004 WI 129, 276 Wis. 2d 18, 688 N.W.2d 655.

¶ 5. LIRC argues that the new standard of review has detrimental policy implications, is confusing, and will lead to more litigation and more requests for judicial review.

¶ 6. LIRC has presented several important considerations that the majority opinion does not consider. I agree with LIRC that negative consequences result if the court adheres to the standard of review presented in the majority opinion.

¶ 7. I would reconsider the discussion of the standard of review, and I therefore dissent from the denial of the motion for reconsideration and the request for briefing.

¶ 8. The only saving grace is, in my opinion, that the court will not follow the standard of review adopted in the majority opinion. I believe the majority decision will have the effect of a railroad ticket, just good for one ride on one day. If the court and litigants are wise, they will distinguish and disregard this "new standard of review" in future cases.

¶ 9. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.