In the MATTER OF a John DOE PROCEEDING Commenced by Affidavit Dated July 25, 2001:

CUSTODIAN OF RECORDS FOR the LEGISLATIVE TECHNOLOGY SERVICES BUREAU, Petitioner,

v.

STATE of Wisconsin and the Honorable Sarah B. O'Brien, presiding, Respondents.

Supreme Court

*No. 02–3063–W. Decided December 15, 2004.*

2004 WI 149

(Also reported in 689 N.W.2d 908.)

¶ 1. PER CURIAM. The State has moved for reconsideration of portions of our opinion in the above-captioned matter. Attention has been called to our

application and construction of Wis. Stat. § 968.135 (2001–02)[1] during the John Doe proceeding and to our application of Fourth Amendment principles to the subpoena that was before us. In response to the motion, as clarification of our discussion of § 968.135, we withdraw paragraphs 53–55 from the opinion issued June 9, 2004 and in their place substitute paragraphs 53–55 below.

¶ 53 Because a John Doe proceeding is a criminal investigative tool, *Unnamed Person No. 1,* 260 Wis. 2d 653, ¶ 22, we turn to Wis. Stat. § 968.135, entitled "Subpoena for documents."[2] Section 968.135 requires a showing of probable cause to believe that the documents sought by the subpoena duces tecum will produce evidence relevant to potentially criminal activity. While this probable cause determination differs from the purpose for which a John Doe proceeding is commenced, that is, to decide whether there is probable cause to believe that a crime actually has been committed and who committed it, *see Reimann,* 214 Wis. 2d at 621, 624, the question remains how the probable cause required by § 968.135 may be shown in a John Doe proceeding.

■

¶ 54 In *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186 (1946), the United States Supreme Court explained that probable cause, as literally required in the case of a warrant, is shown in the context of a subpoena duces tecum if:   (1) the investigation is for a

---

[1] All subsequent references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

[2] Wisconsin Stat. § 968.135 provides in relevant part:

Upon the request of the . . . district attorney and upon a showing of probable cause under s. 968.12, a court shall issue a subpoena requiring the production of documents, as specified in s. 968.13(2).

lawfully authorized purpose and (2) the documents requested are relevant to the inquiry. *See Walling,* 327 U.S. at 209; *see also Washington,* 83 Wis. 2d at 841. In the case of a John Doe proceeding, the proceeding is lawfully authorized if the judge determines that the complainant makes a threshold showing sufficient to establish that the complainant has an objectively reasonable belief that a crime has been committed. *Reimann,* 214 Wis. 2d at 623. With this judicial determination, any document requested, in order to be relevant to the inquiry, must focus on the factual assertions made to the judge at the commencement of the proceeding. *See Walling,* 327 U.S. at 209; *Washington,* 83 Wis. 2d at 841. The necessary link between the documents requested and the suspected criminal activity under investigation is thus shown, affording probable cause to believe that the documents sought will produce evidence relevant to potentially criminal activity, as required by Wis. Stat. § 968.135.

¶ 55 Accordingly, we conclude that any subsequent subpoena duces tecum issued in this John Doe proceeding satisfies the requirements of Wis. Stat. §§ 968.26 and 968.135 and the constitutional concerns regarding an overly broad subpoena explained above, when the affidavit submitted to request the subpoena for documents: (1) limits the requested data to the subject matter described in the John Doe petition, *Reimann,* 214 Wis. 2d at 622; (2) shows that the data requested is relevant to the subject matter of the John Doe proceeding, *Washington,* 83 Wis. 2d at 843; (3) specifies the data requested with reasonable particularity, *Walling,* 327 U.S. at 209; *Hale,* 201 U.S. at 77; and (4) covers a reasonable period of time, *Washington,* 83 Wis. 2d at 844. Additionally, all of the communications to the John Doe judge must be made a part of the record. *See id.* at 824–25.

¶ 2. The motion for reconsideration is denied without costs.

¶ 3. LOUIS B. BUTLER, JR., J., did not participate.

¶ 4. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). The State, supported by an amicus brief filed by the Wisconsin District Attorneys Association, does not ask the court to change its ultimate conclusions of law or its mandate. Rather, the State and amicus argue that in the court's discussion of subpoenas duces tecum, the reference to the Fourth Amendment and the reference to the probable cause language of Wis. Stat. § 968.135 should be removed. In the alternative, the State and the District Attorneys Association ask for at least an opportunity to brief the applicability of the Fourth Amendment and § 968.135 to John Doe subpoenas.

¶ 5. Neither the Fourth Amendment nor Wis. Stat. § 968.135 was argued or briefed by the parties. Nevertheless the court's decision gratuitously opined on these issues. Maybe something was in the air, or water, but on several occasions[1] in the spring of 2004 this court played the roles of both counsel and court and ignored the usual and uncontroversial appellate practice of requesting supplemental briefs.

¶ 6. The court should grant the State's reasonable requests: Delete the unnecessary references to the Fourth Amendment and Wis. Stat. § 968.135 or order briefs on these issues. I do not join the majority's rewriting of the opinion. The majority merely continues

---

[1] *See Maurin v. Hall*, 2004 WI 129, ¶¶ 4–8, 276 Wis. 2d 18, 688 N.W.2d 655 (Abrahamson, C.J., dissenting on reconsideration); *Beecher v. LIRC*, 2004 WI 131, ¶¶ 3–8, 276 Wis. 2d 21, 688 N.W.2d 654 (Abrahamson, C.J., dissenting on reconsideration).

on an erroneous path, compounding the harm that results from an unwise practice of constructing opinions without giving the parties the opportunity to brief the issues. This erroneous appellate practice results, as one might expect, in erroneous and confusing substantive law in the present case.

¶ 7. Fourth Amendment. The State agrees with the court's decision that a John Doe subpoena duces tecum cannot be unreasonably overbroad. The State argues that relying on Fourth Amendment jurisprudence for this proposition, rather than relying on *State v. Washington,*[2] is unnecessary and raises significant questions about the petitioner's standing to assert someone else's Fourth Amendment rights. I agree. The overbreadth issue should be decided on non-constitutional grounds. If the court is to rely on the Fourth Amendment, the petitioner's standing becomes an open, unanswered question.

¶ 8. Wisconsin Stat. § 968.135. The State persuasively argues on the basis of the plain language of Wis. Stat. § 968.135 and the legislative history that the probable cause standard in § 968.135 does not apply to a John Doe subpoena duces tecum. Equally important, applying a probable cause standard to a John Doe subpoena just doesn't make sense. A probable cause requirement frustrates the core purpose of a John Doe proceeding, namely to determine whether probable cause exists to believe a crime has been committed.

¶ 9. The rewrite stubbornly continues to rely on Wis. Stat. § 968.135 and now defines "probable cause" as used in § 968.135 without analyzing the State's argument and without the benefit of briefs. As I have

---

[2] *State v. Washington,* 83 Wis. 2d 808, 266 N.W.2d 597 (1978).

previously written, "probable cause" has many meanings, depending on the particular proceeding.[3] The rewrite, however, gives the words "probable cause" a peculiar, unexpected meaning, significantly different from its meaning in other proceedings. Moreover, the result of the rewrite is that under the same statute, one definition of "probable cause" arises for purposes of John Doe proceedings and apparently another definition of "probable cause" arises for other proceedings. Such a statutory interpretation is contrary to commonly understood rules of statutory interpretation.[4]

¶ 10. As a result of its stubborn and erroneous reliance on Wis. Stat. § 968.135, the rewrite insists on a probable cause standard, but winds up defining the probable cause standard as relevance. It would have been simpler, as the State requested, to delete the reference to probable cause and § 968.135 and adhere to the relevancy test for subpoenas duces tecum as clearly adopted in *State v. Washington*. The *Washington* court stated quite simply: "The John Doe judge, and the court ordering production of the documents, have to determine whether the documents sought are relevant to the topic of inquiry. The test is whether the information sought is in some manner connected with the suspected criminal activity under investigation."[5] Approaching the issue relying on the precedent of *Washington* allows the court to avoid a contortionist position of bending § 968.135 and itself out of all recognizable shape.

---

[3] *See County of Jefferson v. Renz,* 231 Wis. 2d 293, 317–27, 603 N.W.2d 541 (1999) (Abrahamson, C.J., concurring).

[4] *See, e.g., State v. Charles,* 180 Wis. 2d 155, 159–60, 509 N.W.2d 85 (Ct. App. 1993) ("[T]he rule of statutory construction[ ] [is] that words or phrases appearing in the same statute shall be given the same meaning." (citation omitted)).

[5] *Washington,* 83 Wis. 2d at 843.

¶ 11.   For the reasons set forth, I do not join the rewrite.

¶ 12.   I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.